187 So. 44

**JEFFERSON v. LAURI N. TRUCK LINES et al.**

**In re TESSITORE.**

No. 35106.

Feb. 6, 1939.

Rehearing Denied March 6, 1939.

Paul Joseph Maybeno and Harry R. Cabral, both of New Orleans, for Dr. N. J. Tessitore.

L. R. Hoover, of New Orleans, for Lauri N. Truck Lines, Doyle Spell, and Harris Falgout.

O'NIELL, Chief Justice.

Earl Jefferson, an employee of the Lauri Truck Lines, suffered personal injuries, for which he sued for compensation, under the Employers' Liability Act—Act No. 20, of 1914, as amended. The Lauri Truck Lines is the name in which Doyle Spell and Harris Falgout were doing business. They were the defendants in the suit. Judgment was rendered against them in solido for $156; that is, for compensation at the rate of $3 per week for 52 weeks. All but 6 days of the 52 weeks had expired when the judgment was signed. The defendants asked for a new trial, which was denied. Thereafter, all of the 52 weekly installments being past due, the defendants paid the judgment in full, without taking an appeal. The amount of the judgment, with interest and costs, which the defendants paid, was $207.30. Nearly five months after the judgment had become final, and some time after it was paid, Dr. N. J. Tessitore, who had testified as a medical expert witness on the trial of the case, applied for and obtained a rule on the defendants to show cause why they should not be required to pay his fees, to be fixed by the judge, for the medical expert testimony. The rule was filed under the title and docket number of the original suit, which had been disposed of finally. There was no mention of fees of medical or expert witnesses in the judgment which had been rendered in the suit. As far as the record shows, no request had been made for the fixing, or the taxing as costs, of any fee for medical expert testimony, before Dr. Tessitore filed his petition for a rule to fix his fee—after the judgment for compensation had become final and had been paid. The defendants, therefore, in response to Dr. Tessitore's rule to show cause, pleaded that the judge was forbidden, by the provisions of subsection 4 of section 18 of the Employers' Liability Act, as amended by Act No. 85 of 1926, to allow a fee to a medical expert witness whose fee was not fixed in the judgment. The amendment of subsection 4 of section 18 of the statute, by Act No. 85 of 1926, consisted of the inserting of this clause: "The fees of medical witnesses shall be reasonable and are not to be allowed unless fixed in the judgment." The defendants invoked also article 548 of the Code of Practice, declaring that when a judge has rendered a judgment he has no authority to amend it except in one of the modes provided by law; which modes are declared in article 556 of the Code of Practice to be (1) by new trial, (2) by appeal, (3) by an action of nullity, and (4) by rescission. After hearing the rule

the judge made it absolute, and condemned the defendants in the original suit to pay to Dr. Tessitore a fee of $60 for his medical expert testimony. On appeal to the court of appeal the judgment was reversed and Dr. Tessitore's claim was disallowed on the ground that no fee of a medical expert witness was fixed in the judgment which had been rendered in the case—and in fact that no request for a fixing of a fee for a medical expert witness was made before the judgment had become final. Dr. Tessitore has brought the matter here on a writ of review.

Subsection 4 of Section 18 of the Employers' Liability Act, as originally enacted, as Act No. 20 of 1914, did not in terms forbid a judge to allow the fees of medical expert witnesses without having fixed them in the judgment rendered in the case. This subsection was amended several times, but even as amended by Act No. 234 of 1920—which was the last amendment made previous to 1926—there was no express inhibition against a judge's allowing a fee for medical expert testimony without having fixed the fee in the judgment rendered in the case. It was in Act No. 85 of 1926, p. 124, which is the last amendment that was made to subsection 4 of section 18 of the Employers' Liability Act, that this inhibition was expressed, against allowing a fee for medical expert testimony without its being fixed in the judgment rendered in the case, viz.: "The fees of medical witnesses shall be reasonable and are not to be allowed unless fixed in the judgment." That part of subsection 4, in which this new matter appears, remained exactly the same in the amending act (No. 234) of 1920 as it was originally enacted, in Act No. 20 of 1914—thus:

"The Judge shall decide the merits of the controversy as equitably, summarily and simply as may be. Costs may be awarded by the said Judge in his discretion, and when so awarded the same costs shall be allowed, taxed and collected as are allowed, taxed and collected for like services and proceedings in [other] civil cases. The Judgment rendered by the court shall have the same force and effect and may be satisfied as other judgments of the same Court."

And, now, to show the purpose and effect of the inserting of the new clause in this subsection, by Act No. 85 of 1926, p. 124, we reproduce here subsection 4 of section 18, with the new matter italicized—thus:

"The judge shall decide the merits of the controversy as equitably, summarily and simply as may be. Costs may be awarded by the said Judge in his discretion, and when so awarded by the said Judge in his discretion, and when so awarded the same costs may be allowed, taxed and collected as are allowed, taxed and collected for like services in other civil proceedings. *The fees of medical witnesses shall be reasonable and are not to be allowed unless fixed in the judgment.* The judgment rendered by the Court shall have the same force and effect and may be satisfied as other judgment[s] of the same court."

The context in which appears the clause, "The fees of medical witnesses shall

be reasonable and are not to be allowed unless fixed in the judgment", leaves no doubt that "the judgment", referred to, means the judgment rendered on "the merits of the controversy". That part of the statute begins with the declaration: "The judge shall decide the merits of the controversy as equitably, summarily and simply as may be." Then follows the declaration that the judge may, in his discretion, impose the court costs upon either party to the suit, and that when so imposed the same costs may be allowed, taxed and collected as are allowed, taxed and collected for like services in other civil proceedings. The costs which are referred to here are the statutory costs, or fees of the court officials, and of non-expert witnesses, which are fixed by a general statute on the subject. Hence there was no reason for declaring in the Employers' Liability Act that such costs should be reasonable, or that they were not to be allowed unless fixed in the judgment. But, as the additional fees of medical expert witnesses were not fixed by statute, the lawmaker—perhaps on the suggestion of the corporations which bear the burden of defending suits for workmen's compensation—deemed it wise to provide a protection against unreasonable or delayed charges for fees for medical expert witnesses. Hence the lawmaker inserted this clause, immediately after the clause referring to statutory costs of court, viz.: "The fees of medical witnesses shall be reasonable and are not to be allowed unless fixed in the judgment." Then follows immediately the concluding sentence, which leaves no doubt that "the judgment" referred to is the judgment rendered "on the merits of the controversy"—thus: "The judgment rendered by the court shall have the same force and effect and may be satisfied as other judgment[s] of the same court." It was never contemplated that there should be two judgments—one judgment disposing finally of the merits of the controversy, and a subsequent judgment fixing the fees of medical expert witnesses. On the contrary, the purpose of the amendment of the law, by Act No. 85 of 1926, p. 124, was to forbid the rendering of a judgment fixing and taxing as costs fees of medical expert witnesses, after the judgment "on the merits of the controversy" has become final.

The provisions of Act No. 85 of 1926, amending subsection 4 of section 18 of the Employers' Liability Act, with reference to the fees of medical expert witnesses, have reference only to suits for workmen's compensation, under the Employers' Liability Act. The law that was theretofore in effect, and was applicable to all civil cases, is Act No. 19 of 1884, which merely declares that expert witnesses, who give their opinions based upon professional or scientific study, "shall receive additional compensation, to be fixed by the court, with reference to the value of the time employed and the degree of learning or skill required." The act declares:

"That witnesses called to testify in court only to an opinion founded on special study or experience in any branch of science, or to make scientific or professional examinations, and to state the re-

sults thereof, shall receive additional compensation, to be fixed by the court, with reference to the value of the time employed and the degree of learning or skill required."

Even under that statute, the practice always has been for the judge to fix the expert witness fees in the final judgment on the merits of the case, and to condemn the party cast to pay the fees so fixed, as a part of the costs of the suit. But, in suits for workmen's compensation, Act No. 85 of 1926 commands that the fees of medical witnesses are not to be allowed unless fixed in the judgment.

Dr. Tessitore cites and relies upon that part of subsection 4 of section 18 of the Employers' Liability Act which immediately precedes that part of the subsection which we have quoted, and which, as amended by Act No. 85 of 1926, p. 124, reads as follows: "The Judge shall not be bound by technical rules of evidence or by technical rules or [of] procedure, other than as herein provided," etc. In the first place, we agree with the court of appeal in its ruling that a law which forbids a judge to amend a judgment which has become final—by allowing a fee for medical expert testimony when the fee was not fixed in judgment—is not a *technical* rule of procedure, but is a prohibitory law. In the second place, if this prohibitory law should be considered merely as a technical rule of procedure, it would come within the exception which is made in the declaration that the judge shall not be bound by technical rules of procedure, *other than as herein provided.*

And it is plainly "herein provided" that the fees of medical witnesses "are not to be allowed unless fixed in the judgment."

Dr. Tessitore cites also the provision in section 20 of the Employers' Liability Act, as amended, to the effect that a judgment for compensation may be reviewed by the judge who rendered the judgment, upon the application of either party to the suit, "at any time after six months after said judgment of compensation shall have been rendered by the Judge of the trial Court", on the ground that the incapacity of the employee has been subsequently diminished or increased, or upon the ground that the judgment was obtained through error, fraud or misrepresentation. It is very plain and certain that Dr. Tessitore's rule to have his fee fixed and taxed as costs was not brought under this provision for the reviewing of a judgment for compensation after the judgment is six months old. Dr. Tessitore's rule was brought before the judgment was six months old, and was not brought by either of the parties to the original suit.

Dr. Tessitore, at the instance of the attorney for the plaintiff in the original suit, made a physical examination of the plaintiff and made a report to the court of the condition of the plaintiff. On the trial of the case the doctor was called to the witness stand by counsel for the plaintiff and testified as a medical expert; and thereafter the doctor was recalled three times by the judge and testified each time as a medical expert witness. There is no doubt that, if the doctor or the attorney for the plaintiff had requested at any time

before the judgment was rendered, or before it was too late for the judge to amend the judgment, that the doctor's fee as a medical expert witness should be fixed in the judgment and taxed as costs, the judge would have complied with the request. But the request was not made before the judgment had become final, or in fact before the judgment was fully paid and satisfied. The only question, therefore, is whether we shall apply the law which plainly declares that, in a suit brought under the Employers' Liability Act, the fees of medical expert witnesses "are not to be allowed unless fixed in the judgment." The answer is supplied by article 13 of the Civil Code, which declares that, when a law is plain and free from ambiguity, the letter of it is not to be disregarded, with the idea of pursuing its spirit.

The judgment of the court of appeal is affirmed.

FOURNET, J., dissenting.

HIGGINS, Justice (dissenting).

In a Workmen's Compensation suit, in order to determine the extent of the claimant's disability, the trial judge ex proprio motu, on three separate occasions, called a medical expert, who gave expert testimony, which was used by the court in determining the issues presented. The district judge rendered a judgment on the merits in favor of the plaintiff and condemned the defendant to pay the costs of court.

The defendant did not appeal and about five months after the date of the judgment, without any attempt to ascertain the amount of the expert's fee, paid the judgment and all of the costs of court, except the medical expert's fee. Sometime later, the doctor learned what had happened and filed a rule against the defendant to tax as costs his fee as an expert. The defendant pleaded that, under the provisions of the Workmen's Compensation Law, Act 20 of 1914, as amended by Act 85 of 1926, it is mandatory for the fee of the expert to be fixed in the judgment on the merits, otherwise, it will be disallowed; and that as the judgment was final, the district judge had no authority or jurisdiction to amend or modify it. The pertinent part of the statute reads as follows:

" * * * The judge shall decide the merits of the controversy as equitably, summarily and simply as may be. Costs may be awarded by the said Judge in his discretion, and when so awarded by the said Judge in his discretion, and when so awarded the same costs may be allowed, taxed and collected as are allowed, taxed and collected for like services in other civil proceedings. The fees of medical witnesses shall be reasonable and are not to be allowed unless fixed in the judgment. The judgment rendered by the Court shall have the same force and effect and may be satisfied as other judgment[s] of the same Court." Section 18, subd. 4, as amended by Act No. 85 of 1926.

The question to be determined is whether or not the word "judgment" in the statute refers to the judgment on the merits between the employee and employer or the judgment on the rule to tax costs.

It has been the uniform practice, under our law in civil cases, for the court in its decree to assess the costs of court against the party cast. If there is no dispute between the litigants as to the costs, they are usually settled by the parties themselves. In the event a controversy arises, the procedure followed is to institute a rule to tax costs and the judge then determines whether or not the items claimed are legal charges and if the amounts demanded are correct. If the court concludes that they are legitimate claims and the sums claimed are correct, the rule to tax costs is made absolute in a judgment which then fixes definitely the items and amounts that constitute the costs of court. Bentley et al. v. Fischer Lumber & Mfg. Co., 51 La.Ann. 451, 25 So. 262; Wall v. Rabito, 144 La. 888, 81 So. 382; Barker v. Houssiere-Latreille Oil Co., 163 La. 555, 112 So. 415; Wright v. Fuller Const. Co., La.App., 145 So. 300; Crichton et al. v. Krouse et al., La.App., 150 So. 443. See, also, Dart's La.Digest, Vol. 2, verbo "Costs, fees and taxation," paragraphs 37 and 40.

It is obvious that a rule to tax costs is not an attempt to modify or change, or in any way alter the final judgment, but a method of carrying the judgment into execution and is merely accessory and incidental thereto. It is clear that the judge has jurisdiction of the case for this purpose.

In the instant case, this well-established practice is sought to be changed by saying the Legislature, in using the above language, intended that in compensation cases the rule should be different. The whole modern trend of our law is for simplifying our procedure and eliminating procedural pitfalls for unwary litigants. The trial judge concluded that the defendant's interpretation of the statute was unsound, the Court of Appeal annulled the judgment and adopted the defendant's views. Jefferson v. Laure N. Truck Line, 181 So. 821.

It will be noted that the law-writer was dealing with the question of taxing costs of court and while it is conceded that the initial language of the paragraph deals with issues arising on the merits, nevertheless, the last subject matter directly dealt with in the paragraph is "taxing costs." It is, therefore, more logical and reasonable, especially in view of our jurisprudence with reference to taxing costs in civil cases, to conclude that the legislators had in mind the judgment taxing costs and not the judgment on the merits. Surely, if the law-making body intended to change a well-established rule of procedure, it would have done so in an unequivocable and clear way, but the above quoted language does not do so. The interpretation placed upon the statute in the majority view leads to obvious confusion on the trial of compensation cases on the merits. There are some cases where only one or two experts might

be employed or used, but there are a great many where several experts appear on each side. If each litigant were to question the extent of the value of each expert's fee, the court would then become involved in controversies which were foreign to the merits of the case. These collateral issues or claims of experts would tend to cloud the issues, and, therefore, this procedure would be more involved and more harmful than helpful.

It is said that the Legislature had in mind protecting the party cast from unreasonable or exorbitant expert fees and also letting the party condemned know the extent of his liability. The simple procedure by rule is an equally adequate and effective means for those purposes. So there is no reason for the alleged change in procedure.

Protection from unusual and excessive medical fees is also provided for in Section 21, subsection 2, of Act 85 of 1926, the pertinent part of which reads:

" * * * Fees of physicians for services or treatment under this act shall be reasonable and according to the workmen's station, and shall not be enforceable unless agreed upon by all parties concerned or approved by the Court."

In the instant case, the defendant who was clearly liable for the doctor's fee is defeating a just and honest claim on a strict legal technicality. I, therefore, respectfully dissent from the majority view, because of the injustice done by the incorrect interpretation or construction placed on the law.