Study of the applications for rehearing in this case, which have been filed on behalf of both plaintiff and defendant, indicate the need for amendment of the judgment rendered on first hearing.
Counsel for plaintiff complains of our failure to fix the fees of medical witnesses in our judgment on original hearing of this case, in which compensation was awarded to plaintiff.
[3] The fixing of fees of medical experts in compensation cases, and the questions as to how, when and by what Court such fees should be fixed, have been the cause of much uncertainty in the jurisprudence of our State. By its pronouncement in the case of Jefferson v. Lauri N. Truck Lines et al., 192 La. 29,187 So. 44, the Supreme Court has established the rule that fees must be fixed in the judgment rendered on the merits, and not in a subsequent judgment on a rule to tax costs. In Johnson v. Hillyer, Deutsch, Edwards, Inc., *Page 816 
La. App., 185 So. 652, our brethren of the First Circuit declared that the trial court should fix fees and tax the same as costs. This doctrine was reiterated by the same Court in the case of Jackson v. W. Horace Williams Co., La. App.,12 So.2d 22, 25, but was qualified to some extent, as is shown by that portion of the opinion which we quote, as follows: "But it is true, as we stated in the Johnson case [Johnson v. Hillyer, Deutsch, Edwards, Inc., La. App., 185 So. 652], that the trial judge has the responsibility of fixing the fees of the medical experts and he is in a much better position to do so than an appellate court. We are certainly not in a position to fix the fees of the medical experts in this case where there is nothing to show how long they were required to be away from their office, the distance they traveled, the time and study given to the case by each of the doctors, all of which are necessary factors to consider in fixing proper and reasonable expert fees. If the record furnished evidence on these points and it appeared that the trial judge neglected or refused to fix these fees in his original judgment after being requested to do so either before the rendition of the judgment or after its rendition by a motion for rehearing to revise the judgment in accordance with Act No. 10 of 1926, we would then fix these fees on the record before us."
Recourse to plaintiff's petition in the case before us discloses the fact that the same specifically contained the following prayer: "* * * that in the said judgment the court fix and tax as costs herein all the fees of the medical witnesses which petitioner uses in this case."
[4] Since the judgment of the district court was rendered in favor of the defendant and against the plaintiff, rejecting the plaintiff's demands and dismissing his suit at his cost, it would have been, indeed, a vain and futile gesture for the Court to have fixed the fees of plaintiff's medical witnesses. Plaintiff's appeal was from the judgment as a whole, and, if he is entitled, as we have held, to judgment in his favor for compensation, then, clearly, he is also entitled to the other relief for which he prayed, namely, the fixing and taxing as costs of the fees of his medical witnesses.
If this Court has no authority to fix the fees of the plaintiff's medical witnesses, it would be necessary to remand the case to the district court for such purpose, which action would entail an appreciable and, in our mind, an unnecessary delay, as well as additional cost, time and effort, on the part of counsel for both plaintiff and defendant, and, perhaps, involve the possibility of another appeal.
[5, 6] We do not believe this procedure is indicated in the present case. Cases are remanded by appellate courts for further proceeding in the courts of original jurisdiction only in instances where the appellate court is unable to base a final judgment upon the facts disclosed by the record before it. We think it unquestionably the duty of an appellate court to render a final judgment on all matters comprehended by the appeal in every instance in which the record justifies such final disposition. Thus, technical delays, which are, and should be, abhorred, may be avoided.
In the instant case, we feel that the facts which may be drawn from the record before us are more than sufficient to enable this Court to arrive at a fair estimate of the value of the services of plaintiff's medical witnesses. For this reason, we do not feel that in fixing the fees of such witnesses we are usurping any authority or infringing in any sense upon the jurisdiction of the district court.
[7] Dr. C.H. Moseley, who was plaintiff's chief medical witness, lives and practices his profession in Monroe. The testimony in the record shows that Dr. Moseley made a thorough and complete examination of the plaintiff on May 18, 1943; that he made X-rays; that he testified in person upon trial of the suit in Jonesboro on April 14, 1944, and on such occasion was examined not only with reference to his own findings and interpretation of his own X-rays, but also with reference to X-ray plates introduced on behalf of defendant. We feel that these services fully justify the fixing of a fee of $50.
The only other medical witness for plaintiff was Dr. T.A. Dekle, who practices in Jonesboro, and who testified on trial of the case. Dr. Dekle made an examination of plaintiff on April 30, 1943, and his testimony was largely concerned with the findings which he noted in this examination. We feel that a fee of $20 would be fair compensation for the services rendered in plaintiff's behalf as a medical witness.
Counsel for defendant bitterly objects to our fixing of the rate of compensation on *Page 817 
the ground that this Court resorted to statements made in plaintiff's brief for evidence on which to fix the rate. We had thought our reasons for fixing the compensation on the basis of a rate of 40 cents per hour for a six-day work week of eight hours per day were plainly set forth, but, apparently, we were in error.
In our opinion we commented on the fact that there was little evidence in the record as to the rate of pay or hours of employment. As a matter of fact, the only evidence in the record on these points was found in the testimony of plaintiff that he was to be paid at the rate of 40 cents per hour, and that he worked some 8 to 10 hours per day. Since this plaintiff had not worked a full week in the course of his very brief employment, there was no basis of past experience which might have served to definitely settle this point. In view of the fact that no attempt was made on the part of defendant to controvert plaintiff's testimony, and, since such testimony is the only evidence in the record, it follows that the Court must accept the same.
[8] Plaintiff's petition prayed for a judgment at the rate of $15.60 per week, which sum was obviously calculated on a rate of 40 cents per hour for a six-day week of ten hours per day. However, as we noted in our original decision, plaintiff's counsel, in his brief, urged an award at the rate of $12.48 per week, representing a rate of pay of 40 cents per hour for a six-day week of eight hours per day. Since it is well established that compensation should be figured on the basis of a six-day week in the absence of any contractual agreement, and, since the computation of plaintiff's counsel represented the lowest figure which would have been justified by the evidence on this point, as reflected by the record, we felt that the acceptance of such a figure best represented a fair and just award as between the parties.
For the reasons assigned, our decree heretofore rendered is amended to the extent of fixing the fees of medical witnesses as follows: Dr. C.H. Moseley, $50; Dr. T.A. Dekle, $20. Such fees, as fixed, are taxed as costs and are to be paid by the defendant.
As amended, the original judgment heretofore rendered in favor of plaintiff is hereby reinstated and made final.
The applications for rehearing are refused.