114 So.2d 114 (1959)
Felix McKNIGHT, Plaintiff-Appellee,
v.
Guy CLEMONS et al., Defendants-Appellants.
No. 4868.
Court of Appeal of Louisiana, First Circuit.
June 30, 1959.
Rehearing Denied August 31, 1959.
*115 L. B. Ponder, Jr., Amite, for appellants.
Palmer & Palmer, Amite, for appellee.
Before LOTTINGER and TATE, Judges.
TATE, Judge.
This is a suit for workmen's compensation benefits. The defendants-employers, operators of a sawmill, appeal from an award for total and permanent disability to the plaintiff-employee, a millwright.
The defendants' chief contention upon appeal is that plaintiff's undoubted disability by reason of a hernia and a heart condition is not compensable, since allegedly it did not result from an accident within the meaning of the compensation act.
The practically uncontradicted evidence shows that while at work on the morning of August 13, 1956, plaintiff attempted to move a heavy piece of machinery. While straining he became dizzy and faint and simultaneously felt a sharp stinging pain in his lower abdomen; and he fell to the ground.
Although when his employer brought him home the plaintiff-employee thought he had just become sick and did not need medical attention, within four days he reported for medical examination because of continuing dizziness, unsteadiness, and nausea. The physician to whom he was brought at once diagnozed the cause of his disability as a heart and vascular condition consisting of "myocardial disease, probably of arteriosclerotic nature with mitral valvular disease (stenosis) and mild hypertension." He was put to bed for complete rest and, later in the course of the treatment, advised that he should only attempt mild activity but never to do full time hard labor again.
The preponderance of the medical testimony is in accord that the unusually heavy exertion at work precipitated a disabling *116 manifestation of symptoms of the pre-existing heart and vascular condition. Because such might have occurred anyway in the course of time, the condition being a degenerative process, the able district court (who did allow compensation for a work-caused hernia) felt that any disability by reason of the heart condition was a result of a disease, rather than an accident, and was therefore not compensable. We believe that in so doing, our learned brother overlooked the well-settled jurisprudence summarized by Chief Justice Fournet for the Supreme Court, with many citations, in Hemphill v. Tremont Lumber Co., 209 La. 885, 25 So.2d 625, at page 627:
"* * * the legal requirements are present to constitute an accident and an injury is compensable where excessive heat, heavy lifting or other strenuous efforts, although usual and customary, cause or contribute to a physical breakdown or accelarate its occurrence because of a pre-existing condition."
See also Cutno v. Neeb Kearney & Co., La., 112 So.2d 628; Talbot v. Trinity Universal Ins. Co., La.App. 1 Cir., 99 So.2d 811, certiorari denied; Roberson v. Michigan Mutual Liability Co., La.App. 2 Cir., 90 So.2d 465, certiorari denied.
At the time of the trial in 1958 plaintiff was still unable to perform hard labor due to dizzy spells and weakness resulting from the heart condition. Every doctor testifying thereasto felt that the claimant should not return to heavy duties because of his heart and circulatory condition. A heart specialist testifying for plaintiff stated without contradiction in the record that if plaintiff attempted to return to work, "shortness of breath and weakness would actually prevent him [from doing continuous manual labor] if not on the first day on a job of that sort, at least shortly thereafter." Tr. 19. Considering that the 52-year-old claimant prior to the accident had performed hard manual labor without difficulty and without complaint all his life (the ten years prior thereto for the present defendants-employers), under the authorities above cited plaintiff's disability from his heart and vascular disability is compensable since its disabling manifestation was precipitated by and resulted from the straining accident at work.
As an additional ground for compensability, we may further add that the heart specialist testified that after the first such incident or attack a patient is much more prone to a reoccurrence, and that hard manual labor had caused and would increase damage to the heart. Thus, as a result of injuries received from the accident, the hazard to the patient's life and health would be substantially greater if he returned to work after the accident, as compared with such danger from the performance of his heavier duties before the accident. See Neldare v. Schuylkill Products Co., La.App. 1 Cir., 107 So.2d 487.
The District Court's finding that the claimant is presently also disabled as a result of a right inguinal hernia sustained at the time of the straining is supported by the virtually uncontradicted evidence. Although plaintiff did not call the attention of the doctors to the condition until several months later, a bulge appeared shortly after the accident at the site of the sharp pain in his groin felt at the time of the accident, which all examining physicians diagnosed as a hernia and as compatible with and caused by the straining incident. Several of the doctors also agreed, without contradiction in the record, that it was natural and not at all unusual for the plaintiff to have delayed reporting the hernia manifestations to his doctors due to his preoccupation with the more serious and dangerous heart condition made manifest as a result of the same accident.
Plaintiff has answered the appeal, requesting that (a) he be allowed penalties and attorneys' fees for the arbitrary and capricious non-payment of workmen's compensation *117 benefits and (b) the judgment be amended to allow him to present his claim for medical bills.[1]
We are unable to consider the question of penalties and attorneys' fees because they were not demanded by plaintiff's petition; even assuming that the present uninsured employers could be cast for penalties because of any arbitrary refusal to pay compensation following this 1956 accident, cf. Thomas v. Crown-Zellerbach Corp., La. App. 1 Cir., 101 So.2d 478.
The second prayer for relief should be granted. The record shows that through inadvertence plaintiff failed to prove medical expenses incurred by him as a result of the injuries resulting from the accident at work. His application to reopen the note of evidence to do so was denied. However, the plaintiff is undoubtedly entitled to recover such medical expenses as are attributable to the injuries resulting from the accident. In view of the paternalistic purposes of the compensation act and the legislative injunction that in compensation proceedings the courts "shall not be bound by technical rules of evidence or procedure other than as herein provided", LSA-R.S. 23:1317, we do not think his just claim should be denied because through oversight such evidence was not introduced before the close of the trial. See Philps v. Guy Drilling Co., 143 La. 951, 79 So. 549 (syllabus 6); cf., Wallace v. Remington Rand, Inc., 229 La. 651, 86 So.2d 522 (syllabi 2, 3).
Accordingly, the trial court judgment is amended to permit the plaintiff to prove and recover medical expenses attributable to the injuries received by him as a result of the accident at work; and as thus amended, the judgment is affirmed in all other respects.
Amended and affirmed.
ELLIS, J., recused.
NOTES
[1] Insofar as plaintiff prays to reopen the proceedings for him to prove certain items of court costs (such as the reporters' fees for taking medical depositions), such relief is not needed by him. The trial court judgment assessed the defendants with all costs of these proceedings. In compensation suits, costs are "allowed, taxed and collected as in other civil proceedings". LSA-R.S. 23:1317; except for medical expert fees, which should be fixed (as they were here) by the judgment on the merits, LSA-R.S. 23:1317, Jefferson v. Lauri N. Truck Lines, 192 La. 29, 187 So. 44. Plaintiff having prevailed, the costs here sought are properly recoverable. C.P. Art. 552, LSA-R.S. 13:4533. As a matter of fact, even when the trial court does not specifically assess the costs in the judgment, the party prevailing is entitled to have the same taxed against the party cast. C.P. Art. 551.