433 So.2d 361 (1983)
Wilbert LeBLANC, Jr., Plaintiff-Appellant,
v.
CONSOLIDATED ALUMINUM COMPANY, Defendant-Appellee.
No. 83-29.
Court of Appeal of Louisiana, Third Circuit.
May 25, 1983.
Rehearing Denied July 14, 1983.
*362 Simmons, Nelson & Dunn, Otha Curtis Nelson, Sr., Baton Rouge, for plaintiff-appellant.
Plauche, Smith & Nieset, Michael J. McNulty, III, Lake Charles, for defendant-appellee.
Before DOUCET, YELVERTON and KNOLL, JJ.
DOUCET, Judge.
The issue presented in this appeal is whether a worker may petition for worker's compensation benefits pursuant to La.R.S. 23:1331 after final judgment has been rendered rejecting plaintiff's claim for failure to establish a disability arising out of his employment. The trial judge sustained defendant's plea of res judicata. Plaintiff appeals. We affirm.
This is an appeal by Wilbert LeBlanc, plaintiff, from a judgment maintaining an exception of res judicata filed by defendant-appellee, Consolidated Aluminum Corporation. In a previous workmen's compensation lawsuit LeBlanc sought medical expenses, workmen's compensation benefits, penalties, attorney's fees, and other benefits which he may be entitled to under the Workmen's Compensation Act of Louisiana rising out of an alleged work accident of October 13, 1977. After trial, the presiding judge rendered judgment in favor of defendant, and against plaintiff, rejecting his demands and dismissing his lawsuit with prejudice. An application for a new trial was denied. Subsequently, an appeal was taken by plaintiff to this court. We affirmed the trial court judgment dismissing plaintiff's claims with prejudice. See: LeBlanc v. Consolidated Aluminum Co., 401 So.2d 1082 (La.App. 3rd Cir.1981). A rehearing was requested by plaintiff and denied. Writs were denied by the Louisiana Supreme Court.
Thereafter, LeBlanc filed the instant lawsuit captioned "Petition for Past Due Medical, Declare Louisiana Workers' Compensation Act Unconstitutional, and In the Alternative, Modification of Workers' Compensation Judgment". Recovery is sought as a result of the October 13, 1977 accident sued upon in the prior litigation.
In response to the instant lawsuit, defendant filed a Motion for Summary Judgment and exceptions pleading Res Judicata, No Cause of Action, No Right of Action and Prescription. The trial judge maintained the Exception of Res Judicata filed by Consolidated Aluminum Corporation thereby rendering moot resolution of the other exceptions and the Motion for Summary Judgment.
From that judgment plaintiff appealed assigning the following specifications of error: (1) the trial court committed manifest and reversible error in failing to require the appellee to answer interrogatories which sought information as to whether or not the *363 defendant has given political contributions to the District Judges of the Fourteenth Judicial District Court, candidates for the Third Circuit Court of Appeals and candidates for the Louisiana Supreme Court; (2) the trial court committed manifest and reversible error in finding that the claims asserted in the present suit were res judicata; (3) the trial court erred in finding plaintiff could not now contest the constitutionality of the Louisiana Worker's Compensation Laws.
La.R.S. 23:1331 provides:
§ 1331. Modification by agreement of parties, approval by court; judicial review
A judgment of compensation may be modified by subsequent agreement between the parties, with the approval of a judge of the court which rendered the same.
At any time six months after the rendition of a judgment of compensation, a judge of the trial court that rendered the judgment shall review the same upon the application of either party for a modification thereof, on the grounds that the incapacity of the employee has been subsequently diminished or increased, or that the judgment was obtained through error, fraud, or misrepresentation. In such cases the provisions of R.S. 23:1121 through R.S. 23:1124 with reference to medical examinations shall apply.
The provisions of R.S. 23:1331 providing for modification of a workmen's compensation decree presupposes that there has been a "judgment of compensation" and that the "incapacity of the employee" arising from the employment "has been subsequently diminished or increased" or "the judgment was obtained through error, fraud, or misrepresentation."
Appellant's reliance on Zachary v. Bituminous Cas. Corp., 371 So.2d 1249 (La.App. 3rd Cir.1979) is misplaced. In Zachary, this court stated:
The purpose of this statute in providing for the subsequent modification of a judgment of compensation was to allow either the injured employee or the employer to have the compensation adjusted to correspond to any change in the employee's disability which may have occurred after the award of such a judgment. Jefferson v. Laure N. Truck Line, 181 So. 821 (La.App.Orleans 1938), affirmed 192 La. 29, 187 So. 44 (1939); Evans v. Naihaus, 326 So.2d 601 (La.App. 4th Cir.1976). (emphasis added)
The purpose of the statute is to allow a worker or employer to petition the court for an increase or decrease of benefits after an award of compensation; it is not intended to allow a party to re-litigate the issue of causation.
We have been directed to no authority which permits a worker to re-litigate a claim for disability after adverse judgment founded upon failure to establish causation under the circumstances presented herein. All decisions cited involve an alleged increase or decrease in disability of a successful claimant's award.
All questions of fact and law decided in the original proceeding were conclusive and final, there being no allegation of misrepresentation or fraud in the present proceeding. While plaintiff's disability may increase or decrease, the causation of his disability has already been litigated adversely to him and, under the circumstances presented, the matter is now res judicata. Accord: Chatelain v. American Can Co., 387 So.2d 670 (La.App. 4th Cir.1980).
Furthermore, plaintiff's claim for past due medical benefits has prescribed. La.R.S. 23:1209; Landreneau v. Liberty Mut. Ins. Co., 309 So.2d 283 (La.1975). The last workmen's compensation benefits and medical expenses paid by Consolidated Aluminum Corp. was in 1979. The present suit was filed April 30, 1982. Thus plaintiff's claim prescribed by the expiration of one year from the time of defendant's last making of payment.
With regard to appellant's plea of unconstitutionality of the Louisiana Worker's Compensation Act, as a general rule courts will not decide a constitutional issue when it is neither pleaded nor raised at the *364 trial level, Summerell v. Phillips, 258 La. 587, 247 So.2d 542 (La.1971), and such a plea will not be considered unless necessary to disposition of the case. Stickley v. Stickley, 422 So.2d 691 (La.App. 3rd Cir.1982). Appellant failed to raise his constitutional attack in the original proceedings and the matter is now res judicata.
Insofar as appellant's contention that the trial court was in error in refusing to compel response to interrogatories concerning the defendant's financial relationships with judges who may become interested in the litigation, we need not address this issue as our resolution of the claim of res judicata renders the assignment of error moot.
For the reasons assigned, the judgment appealed is affirmed at appellant's cost.
AFFIRMED.