837 So.2d 71 (2002)
Russell W. BOLEWARE
v.
CITY OF BOGALUSA.
No. 2001 CA 1014.
Court of Appeal of Louisiana, First Circuit.
December 20, 2002.
*72 Charles R. Davoll, Davoli & Sorrells, Baton Rouge, for Plaintiff-Appellee Russell W. Boleware.
Delbert G. Talley, Covington, for Defendant-Appellant City of Bogalusa.
Before: CARTER, PARRO, and CLAIBORNE,[1] JJ.
PARRO, J.
In this workers' compensation action, the employer appeals from a judgment of the Office of Workers' Compensation Administration (OWC),[2] denying its motion for expert witness fees and related legal expenses. For the following reasons, we affirm in part, reverse in part, and remand to the OWC for further proceedings.

Facts and Procedural History
On October 23, 1995, Russell W. Boleware was a firefighter for the City of Bogalusa (Bogalusa) when a leaking railroad tank car containing approximately 100,000 pounds of nitrogen tetroxide exploded at the Gaylord Chemical Plant in Bogalusa, Louisiana. A week later, Bogalusa completed an employer's report of occupational injury or disease in connection with Boleware's October 23, 1995 exposure to oxides of nitrogen while working at the Gaylord plant, which exposure reportedly resulted in irritation to his throat, skin, eyes, and lungs. Boleware continued to work until November 7, 1995, when he was referred to Dr. Henry Jackson, a pulmonologist. Although Boleware returned to duty as a firefighter on March 1, 1996, he was assigned to work as a truck driver and worked in that capacity until December 15, 1996, when he experienced chest pains and shortness of breath in a firefighting incident. On December 16, 1996, Bogalusa completed an employer's report of occupational injury or disease in connection with the chest pains and shortness of breath experienced by Boleware on December 15, 1996. Boleware was placed on paid medical leave until December 31, 1997.
From December 4, 1995, to February 28, 1996, Bogalusa paid medical benefits and indemnity benefits. Eventually, Bogalusa denied Boleware's claims on the basis that his health problems were actually due to a congenital heart condition. Subsequently, *73 Boleware filed a disputed claim for workers' compensation benefits against Bogalusa and its workers' compensation insurer concerning the October 23, 1995 chemical spill and the December 15, 1996 incident, alleging he had suffered permanent lung, heart, and nervous system injuries. In its answer to Boleware's complaint, Bogalusa prayed that judgment be granted in its favor at Boleware's costs. After finding that Boleware was not disabled as a result of the chemical spill, the workers' compensation judge signed a judgment in favor of Bogalusa, denying and dismissing Boleware's claims and ordering him to pay court costs. Boleware appealed to this court, urging that the workers' compensation judge erred in finding (1) he did not sustain injury on October 23, 1995, or December 15, 1996, and (2) he was not disabled from his employment as a firefighter as a result of injury to his lungs and/or respiratory system and the resulting potential aggravation of his preexisting heart condition. After considering the divergent views presented by the medical and lay witnesses and the credibility determinations made by the workers' compensation judge, this court concluded that the view chosen by the judge was a permissible one and was reasonably supported by the record. Accordingly, the dismissal of Boleware's claim for workers' compensation benefits was affirmed. Boleware v. City of Bogalusa, 98-2528 (La.App. 1st Cir.2/18/00) (unpublished opinion).
Pursuant to the award of court costs in its favor in the judgment on the merits, Bogalusa filed a rule to fix court costs seeking reimbursement of expenses totaling $15,596.15, which it allegedly had incurred and paid in connection with this matter. Following a hearing on this rule, the workers' compensation judge denied Bogalusa's claim for expert witness fees and related legal expenses. Bogalusa appealed, contending that the workers' compensation judge erred in refusing to fix the court costs that were taxed to Boleware in the judgment on the merits.

Discussion
Under LSA-C.C.P. art.1920, LSA-R.S. 13:4533, and LSA-R.S. 13:3666, the trial judge has great discretion in awarding costs, including expert witness fees, deposition costs, exhibit costs, and related expenses. Bourgeois v. Heritage Manor of Houma, 96-0135 (La.App. 1st Cir.2/14/97), 691 So.2d 703, 706. LSA-R.S. 13:4533 provides:
The costs of the clerk, sheriff, witness' fees, costs of taking depositions and copies of acts used on the trial, and all other costs allowed by the court, shall be taxed as costs.
LSA-R.S. 13:4533 merely delineates what is meant by the term "costs." It does not discuss who is entitled to costs and under what circumstances. Bourgeois v. Heritage Manor of Houma, 691 So.2d at 706. According to LSA-C.C.P. art.1920, costs shall be paid by the party cast and may be taxed by a rule to show cause, unless the judgment provides otherwise.[3]
Louisiana Revised Statute 13:3666 sets out the general rule regarding compensation of expert witnesses, costs of medical reports, and copies of hospital records, in pertinent part, as follows:
A. Witnesses called to testify in court only to an opinion founded on special study or experience in any branch of science, or to make scientific or professional *74 examinations, and to state the results thereof, shall receive additional compensation, to be fixed by the court, with reference to the value of time employed and the degree of learning or skill required.
B. The court shall determine the amount of the fees of said expert witnesses which are to be taxed as costs to be paid by the party cast in judgment either:
(1) From the testimony of the expert relative to his time rendered and the cost of his services adduced upon the trial of the cause, outside the presence of the jury, the court shall determine the amount thereof and include same.
(2) By rule to show cause brought by the party in whose favor a judgment is rendered against the party cast in judgment for the purpose of determining the amount of the expert fees to be paid by the party cast in judgment, which rule upon being made absolute by the trial court shall form a part of the final judgment in the cause.
C. In either manner provided in Subsection B, the court shall also determine and tax as costs, to be paid by the party cast in judgment, the reasonable and necessary cost of medical reports and copies of hospital records.
Based on the above statutory framework, clearly, the general rule is that expert witness fees may be taxed as costs against the party cast in judgment, and in the event an appeal is taken, the trial court retains jurisdiction to do so by a rule to show cause filed by the prevailing party even after rendition of the final judgment on the merits. Edwards v. Sawyer Industrial Plastics, Inc., 31,316 (La.App. 2nd Cir.11/1/00), 790 So.2d 29, 32, writ granted, 00-3240 (La.2/2/01), 783 So.2d 376.[4] The court's authority to render a judgment for costs is further governed by the second sentence of LSA-C.C.P. art.1920, which states that a court may render judgment for costs, or any part thereof, against any party, as it may consider equitable, except as otherwise provided by law.
In workers' compensation cases, the provisions for the awarding of costs and fees of expert witnesses are contained in LSA-R.S. 23:1317(B), which provides:
Costs may be awarded by the workers' compensation judge, in his discretion, and when so awarded the same may be allowed, taxed, and collected as in other civil proceedings. The fees of expert witnesses shall be reasonable and shall not be allowed unless fixed in the judgment. The judgment rendered shall have the same force and effect and may be satisfied as a judgment of a district court. The director shall fix the fees to be charged by experts in each field of expertise on an hourly basis for the taking of the expert's deposition and travel time if the deposition is taken away from the expert's regular place of business. (Emphasis added).
Furthermore, with respect to the awarding of costs, LSA-R.S. 23:1310.9 provides:
If the workers' compensation judge before which any proceedings for compensation or concerning an award of compensation have been brought, under *75 the Worker's Compensation Act, determines that such proceedings have not been brought on a reasonable ground, or that denial of benefits has not been based on a reasonable ground, the workers' compensation judge shall assess the total cost of the proceedings to the party who has brought them or the party who has unreasonably denied payment of benefits.
Under this statute, an award of the total costs of the proceedings is mandatory only upon a finding that a compensation proceeding has not been brought on a reasonable ground or that denial of benefits has not been based on a reasonable ground. Because the workers' compensation judge did not make such a finding in this case, LSA-R.S. 23:1310.9 is inapplicable.
Thus, we focus on the language of LSA-R.S. 23:1317(B). Under this statute, the question of awarding costs lies within the sound discretion of the workers' compensation judge, as it does with the district court judges under the general civil provisions. Bourgeois v. Heritage Manor of Houma, 691 So.2d at 707.[5] However, the second sentence of LSA-R.S. 23:1317(B) states that the fees of expert witnesses are allowable only when "fixed in the judgment." Based on this language and prior jurisprudence, Boleware argues that expert witness fees may only be awarded in a workers' compensation case when fixed in the judgment on the merits between the employee and employer. He urges that LSA-R.S. 23:1317(B) precludes the fixing of expert witness fees pursuant to a subsequent rule to tax costs. In denying Bogalusa's claim for expert witness fees and related legal expenses, the workers' compensation judge apparently agreed with Boleware's interpretation of LSA-R.S. 23:1317(B).
A historical overview of the enactment of, and changes made to, this law reveals the following. Subsection 4 of section 18 of the Employers' Liability Act, as originally enacted, provided:
If an answer has been filed by the respondent within the delays allowed by law or granted by the Court, or if no judgment has been entered as provided in the paragraph immediately above at the time fixed for hearing, or any adjournment thereof, the said judge shall hear such witnesses as may be presented by each party. Either party shall have the right to be present at any hearing or to appear through an attorney or any other agent. The judge shall not be bound by the usual common law or statutory rules of evidence or by any technical or formal rules of procedure other than as herein provided. The Judge shall decide the merits of the controversy as equitably, summarily and simply as may be. Costs may be awarded by said Judge in his discretion, and when so awarded the same costs shall be allowed, taxed and collected as are allowed, taxed and collected for like services and proceedings in civil cases. The judgment rendered by the Court shall have the same force and effect and may be satisfied as other judgments of the same Court. (Emphasis added).
See 1914 La. Acts, No. 20, § 18.4. In 1926, subsection 4 of section 18 was amended to add that "fees of medical witnesses shall be reasonable and are not to be allowed *76 unless fixed in the judgment." See 1926 La. Acts, No. 85, § 1. The addition of this sentence was analyzed by the supreme court in Jefferson v. Lauri N. Truck Lines, 192 La. 29, 187 So. 44 (1939).[6] A divided supreme court found that the context in which the clause appears leaves no doubt that "the judgment" referred to means the judgment rendered on the merits of the controversy, as opposed to an incidental judgment subsequently rendered to fix and tax the costs.[7] The term "costs" as used in the subject law was interpreted to refer to statutory costs or fees of court officials and of nonexpert witnesses, which were then fixed by general statutes on the subject. The court reasoned that the need for limiting and providing for the fixing of fees of medical expert witnesses arose because such fees were costs that had not been fixed by statute. The court determined that the purpose of the 1926 amendment to this section by Act 85 was "to forbid the rendering of a judgment fixing and taxing as costs fees of medical expert witnesses, after the judgment `on the merits of the controversy' has become final."[8]Jefferson v. Lauri N. Truck Lines, 187 So. at 46.
This court in Jackson v. W. Horace Williams Co., 12 So.2d 22 (La.App. 1st Cir.1943), recognized the controlling effect of the supreme court's decision in Jefferson v. Lauri N. Truck Lines, despite prior decisions of this court to the contrary. Jackson v. W. Horace Williams Co., 12 So.2d at 25. Exceptions have been made to the court's ruling in Jefferson v. Lauri N. Truck Lines where the record revealed that the trial judge neglected to fix expert witness fees in the original judgment after being requested to do so both before rendition of the judgment and after rendition by a motion for a rehearing to revise the judgment. See Pohl v. American Bridge Division, U.S. Steel Corp., 109 So.2d 823, 830 (La.App.Orleans 1959); Jackson v. W. Horace Williams Co., 12 So.2d at 25; see also Smooth v. Southern Stevedoring Co., 116 So.2d 204 (La.App.Orleans 1959). Except for a few minor changes, the provisions interpreted in Jefferson v. Lauri N. Truck Lines are virtually identical to those in the present statute.[9]
*77 This court in Bourgeois v. Heritage Manor of Houma, 691 So.2d 703, addressed the assessment of expert witness fees pursuant to a rule to fix costs where the judgment on the merits of the controversy had dismissed the claimant's claim for workers' compensation benefits in favor of the employer and had assessed the claimant with "costs." A subsequent judgment fixed those costs and fees. The claimant's appeal of the judgment on the rule to fix costs sought a reduction in the amount of the fees awarded to certain expert witnesses on the ground of reasonableness or the propriety of the award under LSA-R.S. 13:3666(A). Bourgeois v. Heritage Manor of Houma, 691 So.2d at 708-709. The claimant's appeal in Bourgeois v. Heritage Manor of Houma did not challenge the award of expert witness fees pursuant to the rule to tax costs as being in violation of LSA-R.S. 23:1317.[10] Because that issue was not specifically raised in the appeal, we do not find this court's ruling in Bourgeois v. Heritage Manor of Houma to be instructive or determinative of the issue raised in the instant case.
Being constrained to follow the supreme court's ruling in Jefferson v. Lauri N. Truck Lines, we find no legal error in the workers' compensation judge's dismissal of Bogalusa's claim for expert witness fees that was asserted by its rule to fix court costs after a final judgment on the merits.[11]
Although in its answer to Boleware's complaint, Bogalusa prayed for an award of costs in the event of the dismissal of Boleware's claim, nothing in the record before this court on this appeal reflects that any other effort was made before, during, or immediately after the trial on the merits of this case to have the workers' compensation judge fix the amount of expert witness fees so that such amount could be included in the judgment. Nor does the record support a finding that the workers' compensation judge was presented with sufficient evidence during the trial on the merits from which to fix the fees of the expert witnesses that Bogalusa now seeks to have set. Accordingly, we are unable to conclude that the workers' compensation judge erred as a matter of law or abused its discretion in denying Bogalusa's request to have the fees of its expert witnesses set pursuant to a rule to fix costs.
Notwithstanding our conclusion regarding expert witness fees as an element of costs, the original judgment on the merits in this case ordered Boleware to pay court costs, in general. Under the clear language of LSA-R.S. 23:1317, the question of awarding costs lies within the sound discretion of the workers' compensation judge, as it does with the courts under the general civil provisions.[12]Bourgeois v. *78 Heritage Manor of Houma, 691 So.2d at 707. Although there was an appeal from the judgment on the merits, the workers' compensation judge's award of court costs in favor of Bogalusa was not raised by either party on appeal. Therefore, it became final. The fixing of such costs can be accomplished by a rule to show cause after judgment on the merits, and the workers' compensation judge erred in failing to fix those costs.

Decree
For the foregoing reasons, that portion of the judgment of the workers' compensation judge denying Bogalusa's claim for fees of expert witnesses is affirmed. Otherwise, judgment is reversed, and this matter is remanded for the determination and fixing of other court costs. Each party is assessed with their own costs of this appeal.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
NOTES
[1] Honorable Ian W. Claiborne, retired from the Eighteenth Judicial District Court, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] The workers' compensation judge in this case was Honorable Delos R. Johnson, Jr., of District 6.
[3] Furthermore, under LSA-C.C.P. art.2088, which specifies those matters over which a trial court retains jurisdiction once a judgment has been appealed, the trial court has jurisdiction in the case over those matters not reviewable under the appeal, including the right to set and tax costs and expert witness fees.
[4] We note that after recognizing this general rule, the Edwards v. Sawyer Industrial Plastics, Inc. court found that it was inapplicable in workers' compensation cases, distinguishing this court's Bourgeois v. Heritage Manor of Houma decision because the timing of the fixing of expert witness fees was not an issue there. Edwards v. Sawyer Industrial Plastics, Inc., 790 So.2d at 32. Although the timing issue was the only issue in the Edwards v. Sawyer Industrial Plastics, Inc. case and the supreme court granted a writ on the issue, there has been no further action from the supreme court.
[5] The fact that the workers' compensation judge is vested with great discretion in assessing and awarding costs is also provided in LAC 40:I.6609(B) which provides in pertinent part: "Costs shall include a $30.00 filing fee, and may include expert witness fees, court reporter fees, and costs of depositions and such other costs allowed by law, at the Workers' Compensation Judge's discretion."
[6] In Jefferson v. Lauri N. Truck Lines, nearly five months after the judgment had become final and some time after it was paid, a doctor, who had testified as a medical expert witness for the claimant on the trial of the case, applied for and obtained a rule to show cause why the defendants should not be required to pay his fees, to be fixed by the judge, for the medical expert testimony. Jefferson v. Lauri N. Truck Lines, 187 So. at 45. In affirming the appellate court opinion denying the doctor's claim, the court noted that there was no mention of fees of medical or expert witnesses in the judgment that was rendered in the suit. Jefferson v. Lauri N. Truck Lines, 187 So. at 47.
[7] In a dissenting opinion, Justice Higgins made the point that the quoted sentence referred to the judgment taxing costs and not to the judgment on the merits. To hold otherwise would embroil the trial court in disputes regarding expert fees, "controversies which were foreign to the merits of the case." Jefferson v. Lauri N. Truck Lines, 187 So. at 48 (Higgins, J. dissenting).
[8] Cf. Arriaga v. Reliance Insurance Co., 564 So.2d 832, 838 (La.App. 3rd Cir.1990), which held, without mention of Jefferson v. Lauri N. Truck Lines or LSA-R.S. 23:1317, that where the trial court in a workers' compensation action did not make any specific ruling as to the setting and assessment of expert witness fees, the appropriate procedure was for the claimant to file a rule to show cause in the trial court for a specific assessment of those fees.
[9] A 1988 amendment substituted references to the hearing officer for existing references to the court throughout the section, substituted "expert witnesses" and "a judgment of a district court" for "medical witnesses" and "other judgments of the same court" in the second and third sentences of subsection B, respectively, and added a fourth sentence to subsection B regarding deposition fees of experts. See 1988 La. Acts, No. 938, § 1, effective July 1, 1989. In 1997, "workers' compensation judge" was substituted for "hearing officer" throughout. 1997 La. Acts, No. 88, § 1.
[10] Furthermore, the opinion in Bourgeois v. Heritage Manor of Houma does not disclose sufficient facts from which to determine whether the workers' compensation judge neglected to fix expert witness fees in the original judgment after being requested to do so, such that it would constitute an exceptional circumstance similar to the ones presented in Pohl v. American Bridge Division, U.S. Steel Corp., or Smooth v. Southern Stevedoring Co.
[11] Accord Edwards v. Sawyer Industrial Plastics, Inc., 790 So.2d at 35.
[12] The following are litigation costs that would not be allowable as court costs because they are outside the scope of LSA-R.S. 13:4533: duplication costs of various documents and medical reports not used on the trial, postage and telephone charges, as well as plaintiff's food and lodging during the trial. Degruise v. Houma Courier Newspaper Corp., 00-0229 (La.App. 1st Cir.3/28/02), 815 So.2d 1074, 1081, writs denied, 02-1179, 02-1202 (La.6/21/02), 819 So.2d 342 and 345.