86 So.2d 556 (1956)
Roosevelt WILSON
v.
NEW AMSTERDAM CASUALTY COMPANY.
No. 20644.
Court of Appeal of Louisiana, Orleans.
March 5, 1956.
Rehearing Denied April 23, 1956.
Henriques & Mayo, New Orleans, for defendant-appellant.
Frank S. Bruno, New Orleans, for plaintiff-appellee.
McBRIDE, Judge.
This workmen's compensation suit, which is directed against the workmen's compensation liability insurer of the employer, is grounded on plaintiff's claim that on March 3, 1954, while working as a laborer for Gervais F. Favrot Co., Inc., he met with an accident which rendered him totally and permanently disabled. He alleges that notwithstanding this the employer and the defendant insurance company refused to pay him compensation after April 23, 1954.
The defense chiefly relied upon is that if plaintiff met with an accident on the alleged date, he sustained only an injury to his right leg which was successfully treated by defendant's physicians who medically discharged him on April 23, 1954, at which time no further medical attention was required *557 as plaintiff was fully able and competent to resume the duties of his occupation.
Plaintiff recovered a judgment below for 400 weeks' compensation (subject to a credit of 8 weeks' compensation paid) at the rate of $30 per week. The judgment further awarded plaintiff "all medical expenses not to exceed One thousand ($1,000.00) Dollars" and also $100 as the expert witness' fee of Dr. William Fisher who testified at the trial on plaintiff's behalf. The defendant has appealed.
Roosevelt Wilson at the time of the trial was unable to return to the duties required of one engaged in hard manual labor. He has an umbilical hernia. The dispute is whether Wilson met with an accident on March 3, 1954, such as he described, and if so whether the hernia was caused thereby. Plaintiff maintains that there was an accident and he attributes his condition thereto; while, on the other hand, defendant's position is that the hernia either existed before March 3, 1954, or was received subsequently and not as a result of any accident, if there was one, on the date in question.
From the witness stand Wilson said he was injured when a number of steel jacks or shores (weighing from 60 to 70 pounds each), which fell from a pile 8 feet high, struck him knocking him down with several of the jacks coming to rest on his stomach. Wilson is substantially corroborated by Melton, a fellow employee who says he was 25 feet away from Wilson and heard the jacks fall and went to the assistance of other workmen in removing the jacks off of Wilson.
It was not known to anyone connected with the case that Wilson had the hernia until March 18, 1954, some fifteen days after the accident. The discovery was made by Dr. William Fisher, a general practitioner upon whom plaintiff of his own volition had called. Wilson went to see Dr. Fisher on the mentioned date notwithstanding that he had been, was then, and would continue for some time to be the patient of Drs. Harrison, Lyons, Baker & Paine, who are employed by defendant. Wilson's explanation as to why he sought the services of Dr. Fisher while being treated by the defendant's physicians is that the defendant's physicians were "not doing anything for my stomach."
Besides the umbilical hernia, Dr. Fisher found an acute contusion of the lower lumbar and lumbosacral region and a contusion of the lower third medial region of the right thigh. He advised surgery for correction of the hernia; however, he did treat the other conditions mentioned and he says the last time he saw Wilson, which was on April 11, his only complaint referred to the hernia.
On the day of the accident Wilson was sent by one of his superiors to the office of Drs. Harrison, Lyons, Baker & Paine, who as has been said are the physicians of the defendant, and Wilson was first seen there by Dr. Paine who treated him for an injury to the right knee. Dr. Paine saw Wilson on six occasions in all between the date of the accident and March 24 and he states that at no time did Wilson mention to him or complain of any injury to his back or abdomen.
Dr. Baker saw and treated plaintiff on five occasions between March 8 and April 10 and likewise testified to the effect also that Wilson made no complaints of any injury except to his knee.
On the March 29 visit to Drs. Harrison, Lyons, Baker & Paine for treatment, Wilson was seen by Dr. Lyons who stated that Wilson was complaining of pain in the stomach, and that thereupon he made an examination which revealed a slightly pendulous abdomen, a small umbilical hernia, and tenderness below and to the left of the navel. Dr. Lyons subsequently saw Wilson on April 12 and 19 and prescribed sedatives with the intention of alleviating the pain and discomfort.
Wilson maintains that his hernia resulted from the steel jacks falling upon him and none of the medical experts would say the hernia was sustained otherwise. The fact that tenderness was present is not helpful *558 in making a determination of the age of the hernia as we are given to understand by the medical witnesses that tenderness at the site of a hernia is the usual thing in such cases. The nearest thing to a statement emanating from any defense witness that plaintiff's condition did not result from the fall of the jacks came from Dr. Lyons who stated that his impression was that the hernia "was not probably connected with his accident." Dr. Lyons was neither asked to elaborate on that statement nor to give his reasons for making it, and he went no further.
Notwithstanding that there is no evidence in the record to support defendant's contention that the hernia did not result from the accident, counsel hope to convince us that Wilson's disability did not result from any steel jacks falling upon him by attacking the credibility not only of Wilson but also of Dr. Fisher. With reference to Dr. Fisher, they point out the circumstance that although his written report makes no mention that Wilson complained of abdominal injuries, Dr. Fisher testified to the effect that Wilson did claim he had an injury to his stomach. Counsel argue that there is what they believe to be a glaring variance as between the allegations of the petition and Wilson's testimony as to how the accident happened and they also call attention to the fact that in giving his case history to the physicians Wilson told conflicting tales as to how he sustained the injuries. We are also urged to find it as a fact that Wilson made no complaint of abdominal injuries to either Dr. Paine or Dr. Baker. Counsel also challenge the testimony of Melton, who stated that he heard the steel jacks fall and rushed to Wilson's assistance, as being inconsistent. It is also contended that Wilson knowingly concealed from the physicians the fact that in several prior accidents he had sustained various and sundry injuries.
Wilson throughout his testimony insisted that he told Dr. Paine and Dr. Baker about his injured abdomen, but he says the doctors would do nothing to remedy the condition and as a result of this he was forced to make the visit to Dr. Fisher, his own private physician, in order to get relief. Counsel take the position that Wilson was without doubt untruthful in testifying that he told the doctors about his abdomen because the doctors' testimony is contrari-wise.
We have read the pleadings and carefully analyzed all of the testimony, and frankly we do not think any of the circumstances alluded to by defendant's counsel as being suspicious assume any grave importance. Certainly the circumstances alluded to are insufficient to warrant a reversal of the judgment for workmen's compensation.
All questions of credibility and veracity raised before this court were resolved adversely to defendant below. After seeing and hearing the witnesses testify, the district judge found for the plaintiff, and we do not think it would be proper to hold that there is manifest error in the judgment and therefore we shall apply the long and well-established doctrine that the findings of the trial judge on questions of fact should not be disturbed unless there appears manifest error.
However, the trial judge fell into error in allowing "all medical expenses not to exceed One thousand ($1,000.00) Dollars." While Dr. Fisher did treat plaintiff on several occasions, the value of his services does not appear in the record and no one could say how much of an expense plaintiff actually incurred. Apparently the $1,000 maximum was allowed to take care of whatever amount plaintiff might owe to Dr. Fisher, as well as such medical expenses as plaintiff might incur in the future. This allowance was improper for nowhere in the Workmen's Compensation Statute is it provided that an allowance may be made to an injured workman for future medical expenses. Boykin v. We Hope Gas & Oil Co., Inc., La.App., 2 So.2d 528; Rosenquist v. New Amsterdam Casualty Company, La.App., 78 So.2d 225. We believe that the fair thing to do in the case is to reserve plaintiff's right to assert his claim in the future for whatever amount he may owe Dr. Fisher for his treatment *559 and for such other medical expenses as might be necessary in the treatment of the umbilical hernia.
Our opinion is that the allowance of the $100 expert witness' fee to Dr. Fisher was correct. While it is true Dr. Fisher was the attending physician and testified as to the results of his examination of the plaintiff and the course and nature of his treatments, still the doctor was on the witness stand for a considerable period of time and was asked many hypothetical medical questions by counsel for both parties which placed him in the category of an expert witness, and we believe that the allowance of the expert's fee in said amount is entirely in order.
For the reasons assigned, that part of the judgment which allows plaintiff "all medical expenses not to exceed One thousand ($1,000.00) Dollars" is set aside and avoided and the judgment is now amended so as to reserve plaintiff's right to claim in the future whatever medical expenses he might have incurred by reason of his treatment by Dr. Fisher and for such other medical expenses as he might hereinafter incur in the treatment of his umbilical hernia, and as thus amended and in all other respects the judgment is affirmed. Defendant is to pay the costs of this appeal.
Reversed in part.
Amended and affirmed in part.
JANVIER, Judge (concurring).
While I do not disagree with anything said in the majority opinion, nevertheless I write this concurring opinion only to stress the fact that our conculsion is arrived at merely because we are unable to say that there is manifest error in the finding of the District Judge.
Were it not for this finding, the record would justify the conclusion that the hernia, which is now said to be the cause of the disability of plaintiff, was not sustained as a result of nor aggravated by the accident on which the suit is based, and that the plaintiff knowing that he had suffered from the hernia long before the accident, thought this an opportune time to base his claim for disability on the hernia, which in no way and to no extent resulted from this accident.
Again, however, I state that, because of the finding below, I concur in the majority opinion and in the decree.