ELLIS, Judge.
According to the stipulation between, counsel for plaintiff-appellant and counsel for defendant-appellee:
“The issue in this appeal is whether or not plaintiff-appellant, Jordan Wesley Anderson, is entitled to have the judgment of the 19th Judicial District Court revised so as to expressly reserve unto plaintiff the right to sue for future medical expenses up-to the amount of $2500.00, subject to a credit for medical expenses already paid.”'
The issue is to be decided upon the stipulation entered into by above counsel and, with-the exception of the above, is as follows r
“It is stipulated by and between Louis D. Curet, of the firm of D’Amico & Curet, counsel for plaintiff-appellant, and Robert J. Vandaworker, of the firm of Taylor, Porter, Brooks, Fuller and Phillips, counsel for defendant-appellee, that the devolutive appeal entered herein on Monday, May 1, 1961, be limited to the facts and issues contained in this stipulation.
“It is stipulated that this is a suit for workmen’s compensation filed by an employee against a workmen’s compensation insurer of a contractor engaged in a hazardous business.
“The allegation concerning liability for workmen’s compensation and medical expenses contained in plaintiff’s petition is as follows, to-wit:
“ ‘That Liberty Mutual Insurance Company, an insurance corporation organized under the laws of the State of Massa-chussetts authorized to do and doing business in the State of Louisiana, hereinafter referred to as ‘insurer’, is justly and truly indebted unto petitioner in the full and true *183 sum of $14,000.00, payable at the rate of $35.00 per week for 400 weeks, beginning on or about November 23rd, 1959, with interest at the rate of Five (5%) per cent per annum on each past due installment from due date until paid and for an additional sum not to exceed $2500.00 for medircal expenses and incidental expenses zvhich may have been or which may be incurred by petitioner or for his account and for reasonable attorneys fees in the sum of $2500.00 together with legal interest thereon from date of judicial demand until paid and for all costs of this suit, subject to credits for compensation and medical expenses already paid.’ ” (Emphasis added)
“The prayer for relief in so far as medical ■expenses are concerned is quoted as follows :
“ ‘WHEREFORE PLAINTIFF RESPECTFULLY PRAYS:
2. That plaintiff have and recover judgment against defendant for all medical and incidental expenses up to the maximum of $2500.00, with interest thereon at the rate of Five (5%) per cent per annum from date of judicial demand until paid, subject to a credit for medical expenses already paid.’ (Emphasis added)
“That the plaintiff complained of injuries to his back. Although there was a conflict in the medical testimony, there was some testimony to the effect that the plaintiff had a ruptured intervertebral disc and might require further medical treatment in the future. The testimony reflected that the defendant had paid medical expenses for the treatment of plaintiff, totalling $468.85 for which defendant claimed credit. (Emphasis added)
“That the case was tried on its merits on January 19, 1961 and for oral reasons assigned, judgment was rendered in favor of plaintiff and against the defendant as for total and permanent disability for a period not to exceed 400 weeks, payable at the rate of Thirty-Five and no/100 Dollars per week beginning November 24th, 1959 with interest at the rate of Five per cent per annum on each unpaid installment from due date until paid, subject to a credit for compensation paid from November 24, 1959 through June 20, 1960.
“That the Court did not expressly provide in its oral reasons for judgment or in the judgment signed on January 27, 1961 that plaintiff’s right to recover future medical expenses would be reserved to him. No mention was made of future medical or of defendant’s credit for medical expenses already paid.” (Emphasis added)
According to the stipulation which we have emphasized, plaintiff alleged that the defendant-appellee was justly and truly indebted unto him “for an additional sum not to exceed $2500.00 for medical expenses and incidental expenses which may have been or which may be incurred by petitioner. * * * ” and followed this by praying for all medical and incidental expenses up to the maximum of $2500.00. The pleadings and the prayer are clearly sufficient to cover an award for medical expenses and a reservation of future medical expenses if the latter is responsive to the compensation act.
On the trial of the case it is stipulated that the plaintiff complained of injuries to his back, and although there was a conflict in the medical testimony, there was some testimony to the effect that plaintiff had a ruptured intervertebral disc and “might require future medical treatment in the future.” It was further stipulated that the defendant had paid medical expenses for treatment of the plaintiff totalling $468.85, for which the defendant claimed credit.
The lower court rendered judgment and it is stipulated that neither in his oral reasons nor in the judgment itself was any mention made of a reservation of future medical expenses or of defendant’s credit for medical expenses already paid.
The plaintiff-appellant has appealed from this judgment and by stipulation the issue is whether the plaintiff-appellant is entitled to have the judgment revised so as to ex *184 pressly reserve the right to sue for future medical expenses up to the amount of $2500.00, subject to a credit for medical expenses already paid.
Defendant in oral argument and brief takes the position that this appeal does not present anything more than a request for an advisory opinion from this Court as to whether or not plaintiff at some future time may seek reimbursement from the defendant for medical expenses that he may at some indefinite time in the future incur, for plaintiff does not contend that he has incurred any medical expenses since the trial nor does he claim reimbursement for any medical expenses. Defendant therefore contends that the question is moot as the court should not pass upon a purely hypothetical issue injected in a case by litigants which is not necessary or essential to the disposition of the real controversy before the Court. In support of his contention defendant cites “the innumerable cases to be found in WEST’S LOUISIANA DIGEST, APPEAL AND ERROR, <£=843.”
Defendant further argues that it is in this Court on appeal for the first time that plaintiff seeks a “reservation” and since it is not based “on evidence presented to the trial court, it must, of necessity, be based solely and entirely on the plaintiff’s theory of applicable law. If the plaintiff’s theory of the law is correct, he needs no ‘reservation’ of his rights to claim future medical expenses, for the judgment of the trial court, under such circumstances, cannot foreclose his right to claim something which was not at issue in the previous trial.”
Plaintiff-appellant contends that the workmen’s compensation act should be construed liberally in favor of the claimant and that the duty to furnish medical expenses is a continuing obligation of employers “within certain limits. Thus, compensation benefits are extended for the duration of plaintiff’s disability not to exceed four hundred (400) weeks and the reasonable medical, surgical and hospital services and medicine shall be furnished to the injured employee during the period of his disability, not to exceed $2500.00 ([LSA-] R.S. 23:1203).”
We do not believe that we are confronted with a moot question for the allegation of plaintiff’s petition and his prayer quoted herein as contained in the stipulation of fact upon which the case has been submitted to this court alleges that the defendant-appellant is justly and truly indebted unto petitioner in the full and true sum of $14,000.00 payable at $35.00 per week for 400 weeks “ * * * and for an additional sum not to exceed $2500.000 for medical expenses and incidental expenses which may have been or which may be incurred by petitioner * * * Plaintiff’s prayer asks for judgment for “all medical and incidental expenses up to the maximum of $2500.00 * * * (Emphasis added)
This is a compensation case in which a liberal interpretation of the pleadings and prayer is to be given under the settled jurisprudence. The pleadings and prayer, supra, are broad enough to support a judgment for medical expenses already expended as well as for future medical expenses, provided the proof on the trial supported such awards. In view of the fact that the judgment of the District Court did not contain an -award for medical expenses incurred, if any, nor a reservation for future medical expenses, plaintiff was entitled to appeal.
We believe the jurisprudence is uniform as to compensation suits in which the plaintiff has alleged the necessity for future medical expenses and prayed for judgment reserving his right to an action in the future for such medical expenses.[1] Plain *185 tiff must not only put the question at issue by appropriate allegations and prayer but must substantiate his allegation by sufficient evidence on the trial on the merits.
In the case of Cuba v. Lykes Brothers-Ripley S. S. Co., 193 So. 411, page 413, this Court held:
“In addition to the award of compensation for a period not exceeding 400 weeks at the rate of 65% of $15.60 per week, less the amount already paid, the trial court also awarded not to exceed $250.00 for medical and hospital expenses. Nowhere in the petition does plaintiff ask for any medical and hospital expenses, nor do we find a particle of evidence in the record to show that he has spent or will be required to spend anything for this purpose. It must have been an oversight in allowing this item, as it is elementary that the plaintiff cannot recover more than he asks for, and certainly not where there is neither a prayer for such an amount nor proof in support of it.”
Again in Chamberlin v. Maryland Casualty Co., 75 So.2d 366, 367-379, it was held:
“The additional point raised by plaintiff-appellee in his answer to the appeal that this unexpended allowance should be paid to plaintiff in a lump sum in view of the showing that additional medical treatment is necessary is not well founded. There is no argument on this point in plaintiff’s brief. The neuralgia in the back is the only disabling injury received by the plaintiff as the result of the accident and he would only be entitled to sue for any unex-pended medical allowances in order to receive treatment of this particular injury or ailment. There is nothing in the record that even suggests plaintiff desires or desired any further treatment of this ailment. The district court properly decided the question under the authorities cited in his opinion, viz., Bynog v. Mansfield Hardwood Lbr. Co., La.App., 4 So.2d 837; Boykin v. We Hope Gas & Oil Co., La.App., 2 So.2d 528.”
In Cain v. Employers Casualty Company, La.App., 96 So.2d 527-536, Second Circuit, the Court stated:
“Last, for consideration is the matter of the reservation of plaintiff’s rights to bring an action for future medical expenses. Defendant contends that such reservation should not be for an amount exceeding the difference between the then statutory maximum of $1000 and the $485.45 as allowed in the judgment appealed, whereas plaintiff contends the reservation should be limited only by the maximum provided in the employer’s insurance contract of $10,000 less the amount awarded in the aforesaid judgment. Defendant further contends that, if the provisions of the insurance policy are held to apply, then that the reservation should not go beyond the allegations of plaintiff’s petition and prayer wherein judgment for medical expenses was sought in the sum of $3,360. The policy provides for additional medical expenses with a limitation of $10,000 to any one person.
“It is our opinion that the injured employee may recover medical expenses incurred by him in excess of the statutory maximum, in view of the aforesaid provisions in the compensation insurance policy and in view of the fact that such an endorsement constitutes a stipulation in favor of a third person. It was so held in Cummings v. Albert, La.App. 1956, 86 So.2d 727. We are of the opinion, hoivever, that plaintiff’s rights to a reservation should he limited by the allegations of his pleadings and his prayer. There was no showing that reasonable future medical expenses would exceed the amount for which he prayed judgment.”[2] (Emphasis added)
In Boykin v. We Hope Gas & Oil Co., 2 So.2d 528, in the syllabus which we find is a correct holding of the court as shown in the body of the opinion, it is stated:
*186 “5. Workmen’s compensation — '§^>999. Where employee at time of trial in compensation proceeding- was still under care of physicians, and it appeared that other medical expense would be incurred, judgment was properly entered, reserving to employee right to sue later for medical expenses. Act No. 20 of 1914, as amended.”
In Rosenquist v. New Amsterdam Casualty Company, 78 So.2d 225, at page 233 the Orleans, now Fourth, Circuit Court of Appeal held:
“ * * * The award of $391 for medical expenses is correct. Plaintiff seeks an increase in the amount to $1,000 so as to cover future medical expenses, the amount of which, to say the least, is purely conjectural. Nowhere in the Workmen’s Compensation Statute is it provided that an injured workman may recover an arbitrary amount for future medical expenses, and, therefore, the reservation of plaintiff’s right to claim in the future whatever other medical expenses she might incur in the treatment of her injuries was quite proper. Boykin v. We Hope Gas & Oil Co., La.App., 2 So.2d 528.”
In Carrington v. Consolidated Underwriters, La.App., 80 So.2d 427, at page 431, the Court held:
“The judgment making an award for medical expenses is in error and will be disallowed. Whatever medical expenses were incurred have been paid by the defendant. It is not shown that plaintiff has incurred or anticipates incurring any additional expense.” [3]
Again in Wilson v. New Amsterdam Casualty Company, 86 So.2d 556, at page 558, the Orleans (now the Fourth Circuit) Court of Appeal held:
“However, the trial judge fell into error in allowing ‘all medical expenses not to-exceed One Thousand ($1,000.00) Dollars.’ While Dr. Fisher did treat plaintiff on several occasions, the value of his services-does not appear in the record and no one could say how much of an expense plaintiff actually incurred. Apparently the $1000-maximum was allowed to take care of whatever amount plaintiff might owe to Dr. Fisher, as well as such medical expenses-as plaintiff might incur in the future. This allowance was improper for nowhere in the Workmen’s Compensation Statute is it provided that an allowance may be made to an injured workman for future medical’ expenses. Boykin v. We Hope Gas & Oil Co., Inc., La.App., 2 So.2d 528; Rosenquist v. New Amsterdam Casualty Company, La.App., 78 So.2d 225. We believe that the fair thing to do in the case is to reserve plaintiff’s right to assert his claim in the future for whatever amount he may owe Dr. Fisher for his treatment and for such other medical expenses as might be necessary in the treatment of the umbilical hernia.”
In Bickham v. Lester J. Danner, Inc., 86 So.2d 564, at page 569, the Orleans, now the Fourth Circuit, Court of Appeal held:
“In the answer to the appeal Bickham also prays for an allowance of $1,000 for medical expenses, but we see no predicate upon which such allowance should be made. It was not shown at the trial what, if any, medical expenses Bickham incurred in connection with his injuries, and if it was intended that the $1,000 is for medical expenses which plaintiff might be called upon to bear in the future, this would be improper for nowhere in the Workmen’s Compensation Statute is there any provision that an allowance may be made to an injured work *187 man for future medical expenses. Boykin v. We Hope Gas & Oil Co., Inc., La.App., 2 So.2d 528; Rosenquist v. New Amsterdam Casualty Co., La.App., 78 So.2d 225; Wilson v. New Amsterdam Casualty Co., La.App., 86 So.2d 556. In this case the ends of justice would require that plaintiif’s right to assert his claim in the future for whatever amount he may now owe or be called upon in the future to incur be reserved unto him."
In Carmouche v. Maloney Trucking & Storage, Inc., 87 So.2d 803, the Orleans, now the Fourth Circuit, Court of Appeal, at page 805, again held:
“It is our opinion that plaintiff’s right to assert a claim in the future for whatever additional amount he may incur for treatment of his injuries should he reserved to him. Boykin v. We Hope Gas & Oil Co., La.App., 2 So.2d 528; Rosenquist v. New Amsterdam Casualty Co., La.App., 78 So.2d 225; Wilson v. New Amsterdam Casualty Co., La.App., 86 So.2d 556; Fourchea v. Maloney Trucking and Storage, Inc., La.App., 88 So.2d 82.”
In the case of Fourchea v. Maloney Trucking and Storage, 88 So.2d at page 89, the Orleans, now the Fourth Circuit, Court of Appeal, reaffirmed its holding in the Maloney case, supra.
In Parish v. Fidelity & Casualty Co. of New York, 124 So.2d 234, at page 239, the Second Circuit Court of Appeal, in following and reaffirming the rule as established in the jurisprudence heretofore cited, stated:
“No provision is made, by the Workmen’s Compensation Act, LSA-R.S. 23:1021 et seq., for the allowance of future medical expenses. However, the plaintiff’s right to assert any claim in the future for whatever amount, within statutory limits, he may incur for his treatment in connection with his injuries should be reserved. Cain v. Employers Casualty Company, La.App.1957, 96 So.2d 527; Fourchea v. Maloney Trucking and Storage, La.App,1956, 88 So.2d 82; Wilson v. New Amsterdam Casualty Company, La.App.1956, 86 So.2d 556; Rosenquist v. New Amsterdam Casualty Company, La.App.1955, 78 So.2d 225; Boykin v. We Hope Gas & Oil Co., La.App.1941, 2 So.2d 528.’’
Thus we find that it is firmly established by the jurisprudence that upon proper allegation, prayer and proof, a compensation claimant is entitled to a reservation of his right to assert a claim in the future for whatever additional amount he may incur for treatment of his injuries.
We have carefully considered the brief of counsel for defendant-appellee and his statement therein that “the plaintiff does not base this appeal upon any evidence ignored by the trial court, for he tacitly concedes that he was not entitled to any judgment for medical expenses past or future in the trial court. It is in this Court, for the first time, that the plaintiff seeks a ‘reservation’. Since the ‘reservation’ is not based on evidence presented to the trial court, it must, of necessity, be based solely and entirely on the plaintiff’s theory of applicable law. If the plaintiff’s theory of the law is correct, he needs no ‘reservation’ of his rights to claim future medical expenses, for the judgment of the trial court, under such circumstances, cannot foreclose his right to claim something was not at issue in the previous trial.”
The correctness of the Lower Court’s judgment on this appeal is to be determined by this court within the limitation as to facts contained in the stipulation, supra. The only stipulation of fact pertaining to the question of proof that the plaintiff would require further medical treatment in the future is contained in the following excerpt:
“That the plaintiff complained of injuries to his back. Although there was a conflict in the medical testimony, there was some testimony to the effect that the plaintiff had a ruptured intervertebral disc and might require further medical treatment in the future. The testimony reflected that the defendant had paid medical expenses for *188 the treatment of plaintiff totalling $468.85 for which defendant claimed credit.”
In view of the fact that the judgment of the Lower Court was silent upon any reservation or denial of any reservation to the plaintiff to sue in the future for any medical expenses which he might incur as a result of the accident and injury, it would appear that the Lower Court either ignored the testimony or that possibly the plaintiff did not press the point in the Lower Court. Regardless of this fact, the pleadings and prayer were sufficient to support such a judgment or the refusal to grant such relief if the proof was insufficient. In either event the plaintiff had the right of appeal, and according to the stipulation upon which this appeal must he decided by this Court, there was some evidence to the effect that plaintiff had a ruptured intervertebral disc and might require further medical treatment in the future. According to the stipulation, the case was tried on the merits and a judgment was rendered in favor of the plaintiff and against the defendant as for total and permanent disability, which we presume was for plaintiff’s back injuries as there is nothing in the stipulation to show that he had any other kind of injury. We believe that under the facts as stipulated the evidence is sufficient to support a judgment reserving to the plaintiff the right to sue for future medical expenses which might have been incurred as the result of his accident and injury, up to the amount of $2500.-00, subject to a credit for medical expenses already paid and shown in the stipulation.
Counsel for the defendant-appellee further contends in his brief and argument that the cases cited by the plaintiff-appellant are not apposite for they do not involve situations in which the plaintiff-appellant was seeking a “reservation” as in the case at bar, for in those cases the “reservation” was not contested and it amounted to mere dicta unnecessary to the decisions. Counsel contends that these cases merely involve dicta concerning reservation of rights to claim future medical expenses, but these cases do not indicate on what basis the Court had the power or authority to affect the parties’ future rights and liabilities on matters not before the court.
We do not agree that the “reservation” in the cases cited as “mere dicta” unnecessary to the decisions. The issue was evidently raised as shown by a reading of the decisions.
While we realize the force of defendant-appellee’s argument that if the law gives an injured workman the right to claim medical expenses incurred after the trial court judgment, then the appellate court’s “reservation” is a mere advisory opinion as to the rights and liabilities of the parties on some controversy which may arise in the future, and that, on the other hand, if the law does not give the injured workman the right to claim medical expenses incurred after the trial court judgment, then the “reservation” to claim such expenditures is an illegal and unwarranted exercise of judicial power and again amounts to only an advisory opinion on an issue which can and should be litigated when and if the plaintiff actually asserts a claim for such medical expenses in a court of original jurisdiction, we are of the opinion that by a long line of established jurisprudence, supra, that in a compensation case a plaintiff who properly alleges, prays, and proves the likelihood and necessity for future medical attention is entitled to a reservation of the right to bring an action for the recovery of such medical expenses so incurred in connection with plaintiff’s injury.
For the reasons assigned the judgment of the District Court is amended and it is now ordered, adjudged and decreed that the plaintiffs right to make claim for whatever medical expenses he may incur in the future in connection with his injuries, within the statutory limits and subject to a credit for medical expenses already paid, be reserved, and as thus amended the judgment appealed is affirmed at defendant-appellee’s costs.
Amended and affirmed.

. Plaintiff’s allegations and prayer in the case at bar are sufficient to entitle him to such a judgment — that is, he has stated a cause of action for the in-troduetion of proof, and if sufficient, for a responsive judgment reserving his rights to claim future medical expenses by appropriate legal action.

. This case went to the Supreme Court upon writs as to the provisions of the Insurance Code. The holding of the court as above quoted was not disturbed.

. The Supreme Court of the State of Louisiana granted writs in this case “principally on the complaint of plaintiff that the Second Circuit Court of Appeal, contrary to decisions of other courts of appeal and of this court, had computed his compensation payments upon a five day, instead of on the required six day, work week. See 80 So.2d 427.” 230 La. 939, 89 So.2d 399, 400. The question involved in the holding of the court as above quoted as to future medical expenses was not considered nor disturbed.