BAILES, Judge.
This action was brought to recover damages, both special and general, allegedly incurred by plaintiff and his three minor children, all passengers in plaintiff’s automobile when it struck the vehicle of defendant, Fred A. Sheffield, as Mr. Sheffield was making a left turn in front of plaintiff. The defendant, Great American Insurance Company, was the public liability insurer of Sheffield. The defendant filed a third party action against Travelers Insurance Company, the public liability insurer of plaintiff on the theory that, alternatively, if defendant Sheffield was guilty of negligence that plaintiff was guilty of contributory negligence. The accident occurred on May 23, 1962, the case was tried on January 22, 1964, and on November 15, 1967, the court a quo rendered judgment in favor of plaintiff. Judgment was signed April 23, 1968. Defendants have appealed.
The judgment appealed from awarded plaintiff, individually, $3,000 for pain and suffering, and $1,079 for medical expenses incurred in the treatment of his and his three sons’ injuries. Further, the judgment awarded Earlo Rogers, minor, $1,500 for pain and suffering, Raymond Rogers, minor, $1,000 for pain and suffering, and the minor child, Ronald Rogers, $750 for his pain and suffering. The judgment also dismissed the defendants’ demand asserted in the third party action.
The trial court correctly determined the question of liability. The awards of damages are excessive, and accordingly, are reduced.
The facts are that immediately prior to the collision plaintiff was traveling north on U. S. Highway 51 and the defendant Sheffield was proceeding south on the same street in the business district of Amite, and if the approach had been uneventful, *200 the two vehicles would have passed each other approximately in the intersection of U. S. Highway 51 and Mulberry Street.
Sheffield testified that he was proceeding south toward the intersection at a normal rate of speed and that as he was two or three car lengths from the northern edge of the intersection he saw plaintiff approaching at a normal rate of speed about three-fourths block away. He stated he felt he could make the left turn safely, and accordingly, attempted to make a left turn across the path of plaintiff.
Plaintiff testified that when he was about one-half block away from the intersection he saw Mr. Sheffield approaching at a point slightly more distant from the intersection than he was and when he reached the near side of the pedestrian crossing of the intersection he realized Sheffield was going to turn left in front of him. He applied his brakes whereupon his foot slipped from the pedal to the accelerator, however he reapplied his brakes and skidded into the defendant’s vehicle in the northeast quadrant of the intersection.
The only other witness called to testify to the facts surrounding the accident was a patrolman of the police force of Amite, Louisiana. The testimony of this witness was so thoroughly discredited that we find it unworthy of belief. It has no probative value. No useful purpose is to be served herein to elaborate in detail on the aspects of this false testimony.
The conclusion appears .inescapable that the accident was caused by defendant Sheffield’s attempt to execute a left turn when it was unsafe to do so, and that plaintiff’s actions in no way constituted a proximate cause of the collision. While defendants argue that plaintiff was guilty of actionable negligence in permitting his foot to slip from the brake to the accelerator, we believe the facts support the conclusion that the accident would have occurred regardless of plaintiff momentarily touching the accelerator.
The law is well established that a left turning motorist is burdened with the responsibility to see to it that his turn is safely executed and does not impede or endanger oncoming traffic. LSA-R.S. 32:122; Washington Fire and Marine Insurance Co. v. Fireman’s Insurance Co., 232 La. 379, 94 So.2d 295. Failure to exercise the care and caution demanded by this responsibility renders one liable for the injuries sustained.
The trial court’s award of medical expenses is affirmed. Otherwise on quantum, we find the awards to be manifestly excessive. None of the claimants received any permanent disability, and it appears their injuries were all of a transitory nature. The plaintiff and his three sons were treated by Dr. A. J. Feder of Hammond, Louisiana. Extensive x-ray examination of these parties failed to disclose any fractures, dislocations, or other bone pathology whatever. None of them were hospitalized or confined to their bed at anytime. There is no evidence that plaintiff lost any time from work. For the most part, it appears that plaintiff sustained some abrasions and contusions to his elbows, his back and neck region. His doctor found chest tenderness apparently caused by striking the steering wheel in the accident. His treatment consisted of ultrasonic therapy, muscle relaxants and analgesics. He was treated in such manner from the day following the accident until October 17, 1962, at which time he was discharged. Plaintiff returned to the doctor in January, 1963. The physician claims to have found limitation of motion and “back spasm” and after conservative treatment plaintiff was discharged again about the middle of February, 1963. We find that an award of $2,000 is quite adequate for the injuries sustained by plaintiff.
According to the medical report of the treating physician, Earlo Rogers, age 15, received abrasions and contusions of the forehead and right shoulder region, and some ecchymosis of the face and region of *201 the eyes. Treatment consisted of physiotherapy to the shoulder area, analgesics and muscle relaxants. We find an award of $750 is both fair and adequate.
Raymond Rogers, age 8, and Ronald Rogers, age 10, appear to have received similar injuries which consisted mainly of abrasions and contusions to the face and head and sprains to the back regions. Both were treated with physiotherapy and analgesics. We find that each are entitled to an award of $500.
Accordingly, the judgment in favor of Jesse Rogers for pain and suffering is reduced to the sum of $2,000, and the awards for the pain and suffering of the children are reduced to the following amounts: Earlo Rogers, $750; Raymond Rogers, $500; and Ronald Rogers, $500. In all other respects, the judgment appealed from is affirmed at defendants’ cost.
Amended and affirmed.