SAMUEL, Judge.
Plaintiff filed this suit under the Federal Employers’ Liability Act for personal injuries and related damages sustained in an accident which occurred during his employment by the defendant, a railroad engaged in the interstate carriage of freight and passengers. The case was tried to a jury, which rendered a verdict in the total sum of $6,400, and that verdict was made the judgment of the court. Defendant has ap *553 pealed. In this court appellant does not contest liability; its only contention is that the amount of the award for pain and suffering is excessive. When reduced by stipulated special damages for loss of wages included in the total jury award of $6,400, the award for pain and suffering amounts, in round figures, to $5,000.
The sole question before us is whether or not the $5,000 award for pain and suffering is excessive. In connection with our review of that question, appellee argues we must follow Amendment XII of the United States Constitution and the Federal law and jurisprudence concerning appellate review because of the fact that this action, although brought in a State court, arises under the Federal Employers’ Liability Act, citing particularly Gallick v. Baltimore and Ohio Railroad Company, 372 U.S. 108, 83 S.Ct. 659, 9 L.Ed.2d 618. Appellant contends our review must be under Louisiana law rather than the Federal rule, citing particularly Rivera v. Atchison, Topeka and Sante Fe Railroad Company, 61 N.M. 314, 299 P.2d 1090. While it does appear that appellant’s position is correct, we find it unnecessary to pass on the point. For after considering all of the evidence we have concluded the award cannot be held excessive under the Louisiana rule and, therefore, also under the more restrictive Federal rule.
Four lay witnesses, plaintiff and three of his fellow employees, and one medical expert, Dr. Francis I. Nicolle, the treating physician to whom defendant sent plaintiff, testified relative to the accident and plaintiff’s physical condition thereafter.
The accident occurred on March 28, 1964 at the defendant’s Avondale yard when a tank car under which plaintiff was working was knocked from its supporting jacks by a “rabbit”, an automatic device used to move railroad cars. The car fell downward, pinning plaintiff between it and the undercarriage, and moved a short distance from its original position. There was sufficient space between the body of the car and the undercarriage so that plaintiff was not crushed. Knocked to a stooped position with his back against a beam on the bottom of the car and his legs on the axle, he was dragged several feet down the track with his back hitting against the beam.
After the car came to rest plaintiff was helped from under it. He was nervous, incoherent and in obvious pain. He appeared to be going into shock and was made to lie down until an ambulance arrived to take him to a hospital. Dr. Ni-colle met him there, ordered x-rays and prescribed pills and shots for pain. He was released from the hospital the following day but was unable to walk to his car. He received daily therapy for two months during which time he took medication consisting of Norflex to relax the muscles, Percadan for pain and Ananaise, a drug used to absorb blood loose from the tissues. On May 15 plaintiff returned to work, continuing to take the medicine for pain. He was, and still is, unable to left heavy objects. On July 27, four months after the accident plaintiff returned for further needed treatment. Dr. Nicolle found objective symptoms of plaintiff’s complaints in a recurrence of spasms of the lower left lumbo-sacral muscles. Therapy was resumed until August 4, 1965 when plaintiff was discharged from treatment. Dr. Nicolle diagnosed his injuries as acute lumbo-sacral strain. Plaintiff missed 47 days from work. At the time of trial, almost three years after the accident, he still complained of intermittent pain in the hack area and inability to lift heavy objects, complaints Dr. Nicolle agreed could be the result of the accident.
With regard to quantum for personal injuries, it is now settled in Louisiana that each case must be decided largely on the facts and circumstances surrounding the particular injuries involved and that amounts of awards in similar cases are relevant only for the purpose of determining whether the award is so excessive or so inadequate as to constitute an abuse of the “much discretion” vested in the trial judge *554 or jury. Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149; Ballard v. National Indemnity Company of Omaha, Neb., 246 La. 963, 169 So.2d 64; Lomenick v. Schoeffler, 250 La. 959, 200 So.2d 127; Luquette v. Bouillion, La.App., 184 So.2d 766.
Accordingly, and for that purpose only, we have examined other cases involving somewhat similar injuries. Some of those cases are: Fish v. Martin, La.App., 201 So.2d 341; DeGregory v. State, Department of Highways, La.App., 192 So.2d 834; Nauck v. Cooperative Cab Company, La.App., 185 So.2d 345; Gouner v. Wulff, La.App., 174 So.2d 829; Fowler v. F. W. Woolworth Company, La.App., 169 So.2d 754; Thomas v. Peerless Insurance Company, La.App., 121 So.2d 593.
While we are of the opinion that the award in the instant case is somewhat higher than other awards in similar cases, we cannot say it is so excessive as to constitute an abuse of the “much discretion” vested in the jury. Accordingly, the judgment will be affirmed.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.