GULOTTA, Judge.
This is an appeal from a judgment in favor of plaintiff for injuries sustained by Mrs. Thomas J. Wetta, III, arising out of an accident which occurred on December 10, 1966, in the center mall of the Lakeside Shopping Center. Defendants are Mr. and Mrs. John Hotstream, parents of the minor, Stephen Hotstream, and their liability insurer, National Fire Insurance Company, as well as Mr. and Mrs. Herbert Evensky, owners of the Ad Lib Gift Shop and their liability insurer.
Defendants Evensky denied liability and filed a third party demand against Mr. and Mrs. John Hotstream and their insurer, the National Fire Insurance Company. The Hotstreams and the National Fire Insurance Company also denied liability and third-partied the owners of the Gift Shop and its insurer.
It was stipulated at the trial that Stephen Hotstream, though a minor, was a named insured under a homeowner’s policy with National Fire Insurance Company which covered his negligent acts.
The facts are that approximately 10 a. m. on December 10, 1966, the plaintiff was walking with her two small children in the mall of the Lakeside Shopping Center. Upon reaching the Ad Lib Gift Shop, one of numerous stores which front the mall, a brass candlestick about three feet tall situated inside the shop crashed into and shattered the display window of the Ad Lib Shop causing broken glass fragments to cut Mrs. Wetta’s left foot. The candlestick had been one of three on display in the store’s window. Defendant, Mrs. Evensky, had arranged the three different sized candlesticks in a series from the rear to the front of the display case, the tallest of which was located approximately one foot inside the rear of the window, which opens into the interior of the store.
Stephen and Mrs. Hotstream had entered the Ad Lib Gift Shop where Mrs. Hot-stream intended to purchase a particular item. She left Stephen near the front door with their shopping bag while she made the purchase. Stephen moved the shopping bag, positioning it behind his feet. While attempting to lean back, he apparently forgot where he had placed the bag and lost his balance in the process, falling against the first brass candlestick which initiated the chain reaction of tumbling candlesticks, the third of which broke the window and resulted in Mrs. Wetta’s cuts.
The resultant injury to plaintiff was a laceration on her upper left foot approxi *125 mately 3i/¿ inches long and requiring 14 sutures. Plaintiff was confined to her bed for several days. Some particles of glass remained embedded in the wound causing varying degrees of pain for a three-year period. Plaintiff was limited in the type of shoes she could comfortably wear and had difficulty doing domestic work. The scar tissue formed was tender and was excised in two minor operations in 1970.
The trial judge concluded that the accident was caused solely by the negligence of Stephen Hotstream “by failing to maintain proper vigilance and in leaning back into the display window and striking an object situated therein.” The trial court reasoned that since Stephen Hotstream was a minor, his negligence was imputed to his parents, Mr. and Mrs. John Hotstream, and thus their liability insurer, National Fire Insurance Company, was liable in solido with the Hotstreams for damages sustained by plaintiffs. Furthermore, the trial judge found that plaintiffs failed to prove by a preponderance of the evidence any actionable negligence on behalf of Mr. and Mrs. Herbert Evensky, owners of the gift shop.
Judgment was rendered in favor of plaintiffs, Mr. and Mrs. Thomas J. Wetta, III, and against the defendants, Mr. and Mrs. John Hotstream, and the National Fire Insurance Company, in the sum of $5,258.80, in solido, together with legal interest thereon from date of judicial demand until paid, and for costs. An expert fee of $300 was fixed for Dr. Ashley Ross, attending physician, who travelled to Gretna from Arkansas for the trial. No expert witness fee was allowed for either Dr. Robert Miller or Dr. Duncan M. McKee.
Judgment was rendered in favor of defendants, Mr. and Mrs. Herbert Evensky, and against plaintiffs, Mr. and Mrs. Thomas J. Wetta, III, on the main demand, dismissing the latter’s suit at their cost.
The third party demand asserted by Mr. and Mrs. John Hotstream and the National Fire Insurance Company against Mr. and Mrs. Herbert Evensky was rejected. The third party demand asserted by Mr. and Mrs. Herbert Evensky against Mr. and Mrs. John Hotstream and the National Fire Insurance Company was also rejected.
Mr. and Mrs. John Hotstream and the National Fire Insurance Company took a suspensive appeal from the above judgment.
Plaintiffs, Mr. and Mrs. Thomas J. Wetta, III, answered the appeal praying that the judgment be modified to increase the amount of damages from $5,258.80 to $11,200.00.
Plaintiffs further took a devolutive appeal from the judgment rendered against them dismissing their claim against Mr. and Mrs. Herbert Evensky and their insurer. Plaintiffs also pray that the expert witness fee awarded to Dr. Ashley Ross be increased from $300 to $500 and that expert witness fees be awarded for Dr. Robert O. Miller and Dr. Duncan M. McKee.
The question before us is whether the negligence of Stephen Hotstream was the sole cause of the accident causing injury to plaintiff. We shall further consider the propriety of the award of expert witness fees.
The obvious conclusion to be drawn from the uncontroverted evidence is that the sole proximate cause of the accident was the negligence of young Stephen Hotstream who was nine years of age at the time.
Stephen testified as to the happenings surrounding the accident as follows:
“Q Stephen, as I understand it, you moved the bag behind you. Is that correct? It was to your right.
“A Yes sir.
“Q Now, what was the purpose of moving the bag behind you? Could you tell us that?
“A I don’t really remember, but I think I was moving it out of the way of somebody that was walking past.
*126 “Q But you were aware that you had put the hag right behind you, though, is that correct?
“A Yes.
“Q And did you know where the partition was when you started to lean back? Did you know where it was located in relation to yourself ? Is it directly behind you?
“A No. It’s to my left a little.
“Q To your left a little. Did you lean towards the left?
“A No. I don’t remember.
“Q You don’t remember. You just started leaning and the bag tripped you, is that correct ?
“A Yes sir.
“Q And when the bag tripped you, that’s when you went back and struck the candlestick. It that correct?
“A Yes sir.
“Q Now, how far back did you fall, Stephen ?
“A I didn’t fall. I just * * *.
“Q Went on back?
“A Went on back.
“Q Now, the bag was in your way. Is that right?
“A Yes sir.
“Q And it caused you to go further back than you intended to. Is that right ?
“A Yes sir.
“Q And this caused you to hit the candlestick. Is that right?
“A Yes sir.”
Clearly the direct proximate and sole cause of the accident was the negligence of Stephen in striking the candlestick with his body. Since the negligence of a minor is imputed to his parents, the Hotstreams and their insurer were properly held liable in the case at bar. LSA-R.C.C. Art. 2318.
We cannot adhere to the contention proffered by plaintiffs, Mr. and Mrs. Wetta, and defendants, Mr. and Mrs. Hot-stream, that the gift shop owners should be held liable for negligence in creating such a dangerous and unusual circumstance in their display window that it would be reasonably foreseeable that an accident of this type would occur. Under the facts of this case we find appellants (the Hotstreams and the Wettas) have failed to prove by a preponderance of evidence any actionable negligence on behalf of Mr. and Mrs. Even-sky. Furthermore, the cases cited in briefs in support of this contention are inapposite in that they refer to the responsibility of the storeowner to the customerwhereas, in the case at bar, the injury was inflicted upon a third party as a result of the negligence of a customer. Clearly, a proprietor cannot anticipate the negligence of his patrons. Alfortish v. Massachusetts Bonding and Insurance Co., 171 So.2d 70S (La.App. 4th Cir. 1965). It is well settled that a commercial establishment is not the insurer of its patrons and thus a storeowner can only be held liable for injuries if they are the result of negligence which is a proximate cause of the accident. See: Provost v. Great Atlantic & Pacific Tea Company, 154 So.2d 597 (La.App.3rd Cir. 1963); Lawson v. Continental Southern Lines, Inc., 176 So.2d 220 (La.App.2d Cir. 1965); Robnett v. Great American Insurance Company of New York, 187 So.2d 152 (La.App.2d Cir. 1966); and Cannon v. Great Atlantic & Pacific Tea Company, 146 So.2d 804 (La.App.3rd Cir. 1962).
We would be strained to hold that Mrs. Evensky by creating an arrangement of candlesticks of graduated heights in an open display window at a gift shop should have foreseen that her display was such an unusual and dangerous circumstance as to actually lead to the type of injury which oc *127 curred in this case; consequently, she was negligent.
The proximate or legal cause of Mrs. Wetta’s injury was the negligence of Stephen, not the manner in which the display was created.
 It is averred that the award of an expert fee to Dr. Ashley Ross was improper since Dr. Ross was the treating physician of plaintiff. The record reveals that Dr. Ross testified both in his capacity as attending physician and also gave opinion testimony regarding the nature and type of injuries involved. Thus, Dr. Ross was entitled to be compensated as an expert witness under LSA-R.S. 13:3666. The principle is well rooted in our jurisprudence that where a doctor is an attending physician and testifies as to the results of his examination and treatments, but also answers hypothetical questions or gives opinion testimony regarding the nature and type of injuries complained of, he is placed in the category of an expert witness and is to be compensated as such. Smith v. Aetna Casualty and Surety Company, 128 So.2d 235 (La.App.2d Cir. 1961); Wilson v. New Amsterdam Casualty Company, 86 So.2d 556 (Orl., La.App.1956).
The record substantiates the correctness of the trial court’s refusal to award expert fees to Dr. Robert O. Miller and Dr. Duncan M. McKee.
In connection with the amount of the award in the trial court, we are of the opinion that the trial judge properly rendered judgment in an amount that is neither inadequate nor excessive.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs to be assessed to defendants, and third party plaintiffs-appellants, Mr. and Mrs. John Hotstream and National Fire Insurance Company.
Affirmed