SAMUEL, Judge.
Plaintiff instituted this suit for damages resulting from a collision between his motorcycle and defendant’s automobile. Prior to trial, negligence on the part of the defendant driver and special damages in the amount of $375.53 were stipulated. Following trial judgment was rendered in favor of plaintiff in the sum of $1,875.53, $1,500.00 of which represented the award for personal injuries. Plaintiff has appealed seeking: (1) an increase in the person *637 al injury award; and (2) an expert’s fee, for the appearance and testimony of his treating physician, concerning which the trial court judgment is silent.
The only evidence in the record consists of the testimony of plaintiff and his treating physician, Dr. John Gordon, a general practitioner.
Dr. Gordon saw plaintiff on March 27, 1970, two days after the accident, and irregular treatment continued until August 13, 1970. He diagnosed plaintiff’s injuries as severe neck sprain, severe contusions and strain of the left shoulder, contusions of the proximal half of the left forearm, right midlateral thigh, contusion and large hematoma of the proximal left thigh and acute lumbosacral strain and contusions and abrasions of the right lateral malleolus (ankle). Treatment consisted of rest, diathermy, analgesic, pain relievers, skeletal muscle antispasmodics, asperations of the hematoma and drugs to decrease the swelling and help in absorption of any blood in the tissues. Plaintiff was advised not to work and did not do so until May 1, 1970. He visited the doctor on eight or nine occasions and received twenty-one diathermy treatments. Although on the last examination plaintiff complained that his shoulder ached when he picked up heavy objects, he also said the pain ceased when he let go of the weight. The doctor stated plaintiffs prognosis was excellent and although the left shoulder might ache “off and on” the pain eventually would cease and further treatment after August 13, 1970 would not have been beneficial. Plaintiff will have a small permanent indentation on his thigh of about one inch.
Plaintiff is an automobile mechanic. He testified he had particularly severe pain in his left shoulder and for two weeks after the accident it was difficult to walk. When he returned to work he was able only to partially resume his normal duties as it was difficult to lie down on his side to get under the cars and he was unable to pick up anything heavy. Following his last visit to the doctor on August 13, 1970 he has had occasional pain, particularly in his shoulder in damp weather and cold days.
In connection with the medical evidence we note that plaintiff’s treatment continued from March 27 to April 29, 1970 and that the three visits thereafter on May 5, June 5 and August 13, 1970 were for the purposes of examination only. At the May 5 examination plaintiff complained of aching in the left shoulder but had full motion in that area. On June S an x-ray of the hematoma revealed no evidence of calcification; and on August 13, although plaintiff still complained of left shoulder aches when lifting heavy objects, further treatment was not considered to be beneficial by the doctor.
The record contains no evidence of any loss of wages although plaintiff was out of work for a period of several weeks.
With regard to quantum for personal injuries it is now our settled law that each case must be decided largely on the facts and circumstances surrounding the particular injuries involved and that amounts of awards in similar cases are relevant only for the purpose of determining whether the award is so excessive or so inadequate as to constitute an abuse of the “much discretion” vested in the trial judge.[1]
Plaintiff insists the award is inadequate. To support this position he cites several cases where higher awards were given. Two of those cited cases awarded the plaintiff $2,000 for injuries somewhat similar to those in the instant case.[2] *638 While the amount awarded to the present plaintiff might not be what this court initially would have awarded under the circumstances, we cannot say the award of $1,500 for injuries requiring treatment over only a six week period constitutes an abuse of the discretion enjoyed by the trial court. Plaintiff’s permanent scar on the left thigh appears to be of a minor nature, thus we are of the opinion that the award of the trial court is not manifestly erroneous.
In connection with plaintiff’s complaint that the lower court failed to award his physician a fee for testifying as an expert, we note Dr. Gordon was qualified as an expert in the field of general practice. In this connection he gave testimony which not only concerned the treatment he administered to plaintiff, he also testified as to evidence within the category which is commonly accepted as expert testimony. For example he informed the court of the procedure in asperating a hematoma; advised the court of the difference between passive as opposed to other types of motion; defined crepitation; described in laymen’s terms the medical definition of the right lateral malleolus; and gave his prognosis. In view of these facts we are of the opinion the doctor is entitled to a fee as an expert.[3] As testimony in the record indicates he has received the sum of $100 for his testimony as an expert in other cases before the court, this amount will be awarded for his testimony as an expert in this case.
For the foregoing reasons, the judgment appealed from is amended only to the extent of fixing the expert witness fee of Dr. John Gordon in the amount of $100 and assessing the same as costs. As thus amended, and in every other respect, the judgment is affirmed; all costs to be paid by the defendants-appellees.
Amended and affirmed.

. LSA-C.C. Art. 1934; Gaspard v. Le-Maire, 245 La. 239, 158 So.2d 149; Ballard v. National Indemnity Company of Omaha, Neb., 246 La. 963, 169 So.2d 64; Lomenick v. Schoeffler, 250 La. 959, 200 So.2d 127; DeBattista v. Southern Pacific Company, La.App., 222 So.2d 552.

. Rogers v. Great American Insurance Co., La.App., 220 So.2d 198; Packrell v. Gulley, La.App., 246 So.2d 368.

. Vonderbruegge v. Bethea, La.App., 250 So.2d 407; Wetta v. Evensky, La.App., 250 So.2d 123; Trosclair v. Higgins, La.App., 216 So.2d 558; Wilson v. New Amsterdam Casualty Company, 86 So.2d 556; Radecker v. Blue Plate Foods, La.App., 80 So.2d 875; LSA-R.S. 13:3666.